ALLEN ET AL. *v.* STANDARD OIL COMPANY, APPELLANT;
REFINERS TRANSPORT & TERMINAL CORPORATION ET AL., APPELLEES.

[Cite as Allen *v.* Standard Oil Co. (1982), 2 Ohio St. 3d 122.]

(No. 82-47—Decided December 29, 1982.)

---

[1] Appellant's propositions of law in this court do not run against appellee INA. Therefore, we express no opinion as to INA on any issue presented in this cause.

[2] The Allens have not pursued an appeal to this court and are no longer involved in this cause.

*Messrs. Squire, Sanders & Dempsey* and *Mr. Frederick R. Nance,* for appellant.

*Messrs. Estabrook, Finn & McKee* and *Mr. Charles H. Horn,* for appellees.

SWEENEY, J. The question before this court is whether and to what extent appellant is entitled to be indemnified pursuant to the indemnity provision of its agreement with Refiners. The controverted contractual language states as follows:

"Carrier [Refiners] agrees to indemnify, save harmless, and defend Sohio from and against all and any liabilities, losses, obligations, claims, damages, penalties, suits, actions, judgments, costs and expenses of whatsoever nature which are incurred or brought against Sohio as the result of injury to or death of persons or damages to or loss of property caused by acts or omission to act by Carrier, its agents, servants and employees in the performance of work under this Agreement, except where the separate intervening negligence of Sohio or third persons is the proximate cause of the accident."

By its terms, this provision requires Refiners to indemnify appellant "except where the * * * negligence of Sohio or third persons is the proximate cause of the accident." The court below held this exceptions clause to be applicable and relieved Refiners of its obligation to defend. We disagree.

The contractual provision established two exceptions whereby Refiners could have justifiably refused to indemnify Sohio: (1) if the separate intervening negligence of Sohio was the proximate cause of the accident or (2) if the separate intervening negligence of third persons was the proximate cause of the accident. Our review of the indemnity provision and the record indicates that neither exception applies.

Refiners clearly may not invoke the first exception because the jury specifically found that Allen's own negligence was "the sole proximate cause of his injuries." Nor may Refiners rely on the second exception because no "third persons" were involved. The claims arising from the injuries sustained by Allen in the course of performing his duties as a Refiners' employee appear to be precisely the type of claims Sohio sought to be indemnified against. The indemnity provision expressly covers "* * * claims, damages, penalties, suits, actions, judgments, costs and expenses * * * caused by acts * * * by Carrier [Refiners], its agents, servants and employees * * *." For this reason the case at bar is distinguishable from the case of *Drewery* v. *Daspit Bros. Marine Divers, Inc.* (C.A. 5, 1963), 317 F. 2d 425, upon which appellee would rely.

In *Drewery* the court refused to impute the agent's negligence, which caused self-injury, to the master so as to require the master to indemnify. The contractual language in *Drewery,* however, as appellant notes, did not specifically cover the negligence of "agents" and "employees" as does the contractual provision herein. Appellant cites other federal cases that support its anti-*Drewery* position, see, *e.g., Shenker* v. *United States* (C.A. 2, 1963), 322 F. 2d 622, certiorari denied 376 U.S. 907 (*Drewery* specifically rejected at page 629); *United States* v. *Hollis* (C.A. 4, 1970), 424 F. 2d 188. Appellant directs us to the *Hollis* court's disposition of the issue:

"Charleston Drydock undertook to indemnify the United States for any damages arising from injury to anyone other than the Government or its employees caused 'in the whole or in part' by Charleston Drydock or its employees. Therefore, if the accident resulted from Hollis' [Charleston Drydock's employee's] negligence in any degree, the United States is entitled to indemnification from his employer." 424 F. 2d at 190.

To paraphrase *Hollis* in terms of the disputed contractual language in the case at bar, Refiners undertook to indemnify Sohio from any damages and expenses arising from injury to anyone, expressly including injury caused by Refiners' "agents, servants and employees," unless the "intervening negligence of Sohio or third persons * * * [was] the proximate cause of the accident." Applying this rationale, Refiners is clearly liable under the indemnity provisions of the agreement.

Appellee nevertheless contends that the contractual language of indemnity is ambiguous and must be strictly construed against the drafter, in this instance, appellant. *McKay Machine Co.* v. *Rodman* (1967), 11 Ohio St. 2d 77, 80 [40 O.O.2d 87]. We find the meaning and import of the controverted indemnity clause to be unambiguous and as appellant reminds us, " 'the first general maxim of interpretation * * * is, that it is not allowable to interpret what has no need of interpretation. When a * * * [writing] is worded in clear and precise terms; when its meaning is evident, and tends to no absurd conclusion, there can be no reason for refusing to admit the meaning which * * * [it] naturally presents. * * *' " *Lawler* v. *Burt* (1857), 7 Ohio St. 340, 350. Having determined that the disputed language is unambiguous, we have no reason to resort to the rule of construction appellee would have us apply.

We also reject appellee's attempt to invoke the pleading rule. The pleading rule posits that " '* * * [i]f the allegations of the injured party's complaint fall within the coverage of the policy, the insurer must defend * * *.' " 1 Long, Law of Liability Insurance 5-9, Section 5.03. This court has generally followed the pleading rule. *Socony-Vacuum Oil Co.* v. *Continental Cas. Co.* (1945), 144 Ohio St. 382 [29 O.O. 563], paragraph one of the syllabus; *State Farm Fire & Cas. Co.* v. *Pildner* (1974), 40 Ohio St. 2d 101, 104 [69 O.O.2d 509].

For purposes of the pleading rule the question is whether the allegations contained in the complaint fall within the coverage of the policy. The nature of the allegations determines whether an insurer is bound to defend. Under

the express terms of the indemnity provision at issue herein, however, the indemnitor could not determine whether it had an obligation to defend based on the allegations in the complaint. Rather, Refiners' duty to indemnify Sohio did not unequivocally arise until it was determined that the separate intervening negligence of Sohio or third persons was not the proximate cause of the accident. Under the pleading rule it is irrelevant whether the insured is ultimately found to be liable, whereas under the instant indemnity provision the finding of liability *vel non* controls the parties' respective obligations. Thus, the pleading rule is inapposite because the parties predicated release from the duty to indemnify not on whether the complaint alleged negligence but on whether Sohio or third persons were in fact negligent. Inasmuch as neither Sohio nor third persons were negligent, Sohio is entitled to be indemnified pursuant to the indemnity provision of its agreement with Refiners.

To state the rule generally, when an indemnitor expressly agrees to indemnify an indemnitee except in certain specified instances and it is determined that the exceptions do not pertain, then the indemnitor is obligated to indemnify the indemnitee under the terms of the agreement.

We now must consider the extent of Refiners' liability. Refiners contends that even if, as we have found, it is liable under the agreement, then its liability would only extend to appellant's expenses in defending the suit brought by the Allens and not to appellant's subsequent efforts to enforce the contractual language. Appellant disagrees and seeks to recover all its expenses "to date," notwithstanding the general rule that attorney fees are not recoverable in a contract action. *Gates* v. *Toledo* (1897), 57 Ohio St. 105. Appellant cites *Motorists Mutual* v. *Trainor* (1973), 33 Ohio St. 2d 41 [62 O.O.2d 402], as a case permitting recovery when "an insurer wrongfully refuses to defend an action against an insured." *Id.* at page 47.

*Motorists* involved a declaratory judgment action brought by the insurer against its insured. This court, *per* Celebrezze, J., stated, at page 47, that the action arose "out of Motorists' basic unwillingness to defend a suit in which it had a clear legal duty to defend, which even Motorists ultimately acknowledged. The rationale behind allowing attorney fees to date in defending the negligence action is that the insured must be put in a position as good as that which he would have occupied if the insurer had performed its duty. The fact that the insurer brings a declaratory judgment action after it has failed in its duty to defend should not require the insured to incur expenses which he cannot recover."

The instant case is factually distinguishable from *Motorists* insofar as Refiners never acknowledged liability, as Motorists ultimately did, and the additional expenses sought were incurred in Sohio's third-party action rather than in an action for declaratory judgment. Nevertheless, these factual distinctions do not affect the applicable legal principle, which is that Refiners failed in its duty to defend and this failure should not require appellant to incur expenses that it cannot recover.

Contrary to appellee's contentions, we need not find or impute bad faith

on the part of Refiners to invoke the *Motorists* exception. The question is not whether Refiners' counselled decision not to defend was made in good faith, but whether the refusal to defend was wrongful under the terms of the contract. We have determined that the refusal to defend was wrongful and therefore Refiners' good faith or bad faith in reaching its decision is irrelevant to this cause.

Appellee further asserts that it is not amenable to the *Motorists* exception because it is not an "insurer." As a practical matter, however, appellee's acceptance of the indemnity provision placed it in the position of an insurer to the extent provided for in the agreement. An indemnitee, no less than an insured, is entitled to recover attorney fees and expenses when an indemnitor wrongfully refuses to defend an action against the indemnitee. Accordingly, we hold that when an indemnitor wrongfully refuses to defend an action against an indemnitee, the indemnitor is liable for the costs, including attorney fees and expenses, incurred by the indemnitee in defending the initial action and in vindicating its right to indemnity in a third-party action brought against the indemnitor.

The judgment of the court of appeals is reversed and the cause remanded for a determination of appellant's costs to date.

*Judgment reversed and cause remanded.*

W. BROWN, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

CELEBREZZE, C.J., concurs in judgment only.