OPINION
Plaintiff-appellee, The Andersons, Inc., is an Ohio corporation which owns and operates retail stores known as the "Anderson's General Store." Appellee filed a complaint against defendant-appellant, Adam Wholesalers of Toledo, Inc., who is engaged in the business of purchasing, distributing and supplying products and merchandise at wholesale to retail stores, and Andersen Corporation, a corporation which designs and manufactures doors, windows and related displays, seeking damages for failure to defend and to indemnify appellee concerning a lawsuit filed by Harry S. Kreuter and his wife against The Andersons. In his complaint, Kreuter alleged that, on July 13, 1993, he was in appellee's store on Sawmill Road and approached a door display, which was on wheels, walked through it and, as he stepped off of it, the display moved. He fell, broke his hip and underwent hip replacement surgery. His medical expenses totaled approximately $20,000. The display was designed and manufactured by Andersen Corporation and supplied to appellee by Adam Wholesalers.
Kreuter filed a complaint against appellee on July 5, 1995. During discovery, appellee learned that the door display was a "Frenchwood Gliding Patio Door" display designed and manufactured by Andersen Window and supplied to appellee by appellant. By letter dated August 26, 1996, appellee notified appellant of the Kreuter lawsuit and advised appellant to undertake the defense of the suit pursuant to a Seller's Agreement which contained an indemnification clause and required appellant to maintain comprehensive or general liability insurance with appellee as an additional named insured. Appellant refused to assume appellee's defense.
On October 20, 1996, counsel for appellee wrote appellant demanding its cooperation in the defense of the Kreuter lawsuit and inviting participation in any settlement negotiations. Appellant refused. On November 15, 1996, appellee settled the Kreuter lawsuit for $50,000. Appellee then filed this action against appellant and the Andersen Corporation seeking indemnification and reimbursement of attorney fees. Appellee voluntarily dismissed Andersen Corporation from the suit.
Appellee filed a motion for summary judgment. The trial court granted the motion finding that appellant had breached its agreement with appellee to indemnify and defend the personal injury action and by failing to include appellant as an additional insured under its policy of insurance. The trial court awarded appellee $72,111; $50,000 representing the settlement paid to Kreuter and $22,111 representing attorney fees. Appellant filed a notice of appeal and raises the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, THERE BEING GENUINE ISSUES OF MATERIAL FACT UPON WHICH REASONABLE MINDS COULD DIFFER.
In order to grant a motion for summary judgment, the court must find that, construing the evidence most strongly in favor of the non-moving party, there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Williams v. First United Church of Christ (1974), 37 Ohio St.2d 150,151.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or non-existence of genuine issues of fact.
The dispute in this case concerns the trial court's interpretation of the "Seller's Agreement," which provides as follows:
 2. That Seller [Adam Wholesalers, Inc.] will indemnify, save harmless and actively defend Andersons from and against any and all liability, loss, damage, costs, attorney fees, or other expenses, of whatsoever nature or character, arising out of or occasioned by any claim or any suit for damages, injunction or other relief for:
Any injury to or death of any person
 Any damage to any property, tangible or intangible, including the loss of use thereof
Any public charges and penalties
Any demand, liability or lien, and
 Any liability caused by the furnishing of any article, material, tool, appliance, method or process protected by patents, trademarks or copyrights
 [C]aused by any act or omission, negligent or otherwise, of the Seller or the servants, agents or subcontractors of the Seller, in the demonstration, sale or furnishing of any articles or materials. This indemnity shall survive delivery of goods or performance of services hereunder and shall apply to all future dealings between Seller and Andersons unless revoked by Seller in writing as to such future dealings.
 3. That Seller will maintain Comprehensive or Commercial General Liability Insurance including Products Liability coverage and Broad Form Vendors Endorsement containing limits of liability set out in paragraph 5. Such policies shall name "The Andersons, The Andersons Management Corp. and/or their related businesses" as an additional insured.
The meaning of a written agreement is to be ascertained from the language of the agreement. Blosser v. Enderlin (1925),113 Ohio St. 121, paragraph one of the syllabus. The construction and interpretation of a written contract to determine whether the terms are ambiguous and, thus, require extrinsic evidence to ascertain its meaning is a question of law. Alexander v. BuckeyePipe Line Co. (1978), 53 Ohio St.2d 241.
The contract in this case sets forth that appellant shall indemnify and actively defend Andersons from and against anyand all liability, loss, damage, costs, attorney fees, or other expenses arising out of any claim for any injury of any personcaused by any act, negligent or otherwise, of appellant in the demonstration, sale or furnishing of any articles or materials. Kreuter alleged he was injured when the display moved while he was on it because there was no locking mechanism on the wheels to prevent movement. Appellee argued, and the trial court found, that shipping the display which caused an injury constituted an act within the language of the agreement and, therefore, appellant was liable.
The trial court held that appellant breached its contract with appellee and failed to defend appellee against the Kreuter action. When a claim is potentially or arguably within the policy coverage, the insurer has a duty to defend. WilloughbyHills v. Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177, syllabus. Appellant cannot rely on its failure to meet its contractual obligation to name appellee as an insured to defeat appellee's motion for summary judgment. Here, the claim was "arguably or potentially" within the contract language because shipping the display which caused Kreuter's injury constitutes an act which appellant will "actively defend." Wrongfully failing to defend entitles the other party to an award of costs.
The Supreme Court has set forth in the second paragraph of the syllabus of Allen v. Standard Oil Co. (1982), 2 Ohio St.3d 122, the expenses that are recoverable, as follows:
 When an indemnitor wrongfully refuses to defend an action against an indemnitee, the indemnitor is liable for the costs, including attorney fees and expenses, incurred by the indemnitee in defending the initial action and in vindicating its right to indemnity in a third-party action brought against the indemnitor.
Appellant also contends the trial court erred by awarding appellee damages and attorney fees without a demonstration of the reasonableness of the settlement and fees. In Sanderson v. Ohio Edison Co. (1994), 69 Ohio St.3d 582, 586, the Supreme Court stated:
 * * * [W]here an insurer unjustifiably refuses to defend an action, leaving the insureds to fend for themselves, the insureds are at liberty to make a reasonable settlement without prejudice to their rights under the contract. By abandoning the insureds to their own devices in resolving the suit, the insurer voluntarily forgoes the right to control the litigation and, consequently, will not be heard to complain concerning the resolution of the action in the absence of a showing of fraud, even if liability is conceded by the insureds as a part of settlement negotiations.
In this case, since appellant refused to defend appellee, appellant cannot now contend that the settlement is unfair and unreasonable. The rule in Allen permits recovery of the costs, including attorney fees. In Sanderson, the Supreme Court of Ohio affirmed the trial court's award of the $79,000 settlement, plus interest, where the insurance company refused to defend the insured. Given the circumstances in this case, considering that the Kreuter claim was "potentially or arguably" within the policy coverage and appellant refused to defend appellee, the award of costs is not unreasonable. Appellant's assignment of error is not well-taken.
For the forgoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
TYACK, J., concurs.
BRYANT, J., concurs separately.