MEMORANDUM DECISION
Plaintiff-appellee, The Andersons, Inc., filed a motion for partial reconsideration of this court's decision which affirmed the granting of summary judgment to appellee. (See TheAndersons, Inc. v. Adam Wholesalers of Toledo, Inc. [Sept. 14, 1999], Franklin App. No. 98AP-1277, unreported [1999 Opinions 3436].)
The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Columbus v. Hodge (1987), 37 Ohio App.3d 68.
In its brief to this court, appellee had urged this court, upon affirmance, to remand the cause to the trial court for a determination of the additional attorney fees and costs associated with the appeal for which appellant was obligated to indemnify appellee pursuant to their indemnity agreement.
In our opinion, we held, pursuant to Allen v. StandardOil Co. (1982), 2 Ohio St.3d 122, expenses are recoverable as follows:
 When an indemnitor wrongfully refuses to defend an action against an indemnitee, the indemnitor is liable for the costs, including attorney fees and expenses, incurred by the indemnitee in defending the initial action and in vindicating its right to indemnity in a third-party action brought against the indemnitor.
Thus, appellee is entitled to recover the expenses involved in enforcing the indemnity agreement. When appellee submits an affidavit concerning the attorney fees and expenses, this court will consider such evidence. Appellee's motion for reconsideration is well-taken in part.
For the foregoing reasons, appellee's motion for partial reconsideration is sustained in part and overruled in part. Appellee's counsel should submit an affidavit outlining expenses and costs.
Motion for partial reconsideration sustained in part and overruled in part.
TYACK and BRYANT, JJ., concur.