DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the May 20, 2002 judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, Weatherseal Roofing Renovations, Inc., d/b/a SeaGate Roofing, denied summary judgment to appellant, Capitol Indemnity Corp., and dismissed appellant's complaint with prejudice. Because there were genuine issues of material fact presented in this case, we find that summary judgment was inappropriately granted to appellee. We therefore reverse the decision of the trial court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "The Trial Court erred in granting summary judgment in favor of Appellees by holding that capitol's accepted tender of defense completely relieved appellees of any and all indemnity obligations under the indemnity agreement.
 {¶ 3} "The Trial Court erred in denying Capitol's motion for summary judgment."
 {¶ 4} In 1996, appellee purchased a performance bond from appellant in connection with a roofing project known as Embassy Estates Project. In August 1997, when both parties were named in a civil action arising out of the project, appellee began to defend itself and appellant. However, in 1999, appellant hired additional legal representation because it believed that appellee was not sufficiently defending the action. The case was settled in 1999. Appellee's counsel acknowledged in a letter to appellant's counsel that he was the "driving force behind the ultimate resolution of this matter." Appellee's attorney attested in his affidavit that the expert appellant retained was helpful to the resolution of the lawsuit, but was not a necessity.
 {¶ 5} After the Embassy Estate suit was over, appellant filed the current action against appellee for reimbursement of its $46,000 of legal expenses. These expenses were incurred in defense of the Embassy Estate suit and in litigation of the current lawsuit to enforce its rights under the indemnity agreement. Appellant also sought a declaratory judgment confirming that appellee must indemnify appellant for it losses and expenses incurred or expected to be incurred to enforce its rights under the indemnity agreement.
 {¶ 6} Both parties moved for summary judgment. Appellee argued that there was no evidence that the fees were reasonable; that appellant could not recover its legal fees and expenses after tendering the defense to appellee; that the indemnity agreement does not provide for recovery of the types of fees and expenses appellant seeks to recover; and that a claim for fees after the underlying suit was settled is unenforceable for public policy reasons.
 {¶ 7} Appellant argued that the indemnity agreement provides that its statement of loss is prima facie evidence of appellee's obligation to appellant and that it does not bear the burden to prove that its fees and expenses were reasonable. Appellant also argues that the indemnity agreement does not prohibit appellant from hiring additional counsel even if it tendered its defense to appellee and, alternatively, that appellee had to assert this defense prior to the filing of this lawsuit.
 {¶ 8} The trial court held that appellee was not liable for appellant's additional legal expenses because appellee met its responsibility to tender a defense for appellant and, therefore, was not obligated to pay the fees and expenses incurred by appellant for counsel it voluntarily hired. The court granted summary judgment to appellee, denied summary judgment to appellant, and dismissed appellant's complaint with prejudice.
 {¶ 9} In its first and second assignments of error, appellant contends that the trial court erred in denying its motion for summary judgment and in granting summary judgment to appellee.
 {¶ 10} An appellate court reviews summary judgment de novo.Advanced Analytics Lab., Inc. v. Kegler, Brown, Hill Ritter,148 Ohio App.3d 440, 2002-Ohio-3328, at ¶ 33. Therefore, we must determine if the requirements of Civ.R. 56(C) have been met. That rule provides that summary judgment is appropriate if:
 {¶ 11} "***there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ***A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. ***"
 {¶ 12} Parties may expressly enter into an indemnity contract to recover reasonable legal expenses and attorney fees incurred in connection with the violation of the underlying contract. Worth v. AetnaCasualty Surety Co. (1987), 32 Ohio St.3d 238, 240-241, reversed in part on other grounds in Worth v. Huntington Bancshares, Inc. (1989),43 Ohio St.3d 192. Under such an agreement, the surety may sue for violation of the indemnity agreement if the principal wrongfully refuses to defend an action. Allen v. Standard Oil Co. (1982),2 Ohio St.3d 122, paragraph two of the syllabus. The principal could be liable for the legal fees and expenses incurred by the surety in defending the underlying action as well as the action to enforce its right under the indemnity agreement. Turner Constr. Co. v. CommercialUnion Ins. Co. (1985), 24 Ohio App.3d 1, 4.
 {¶ 13} In order to recover such fees and expenses, the surety/indemnitor must prove that: "(1) the contract expressly requires the indemnitor to defend against the underlying claim and to pay related costs and expenses, and (2) the indemnitor wrongfully refuses to provide that defense." Id. citing Motorists Mutual v. Trainor (1973),33 Ohio St.2d 41, paragraph four of the syllabus and Allen v. StandardOil Co., supra.
 {¶ 14} When enforcing an indemnity agreement, the court must determine the intent of the parties from the language of the indemnity contract. Worth v. Aetna Casualty Surety Co., Id. The language of the contract must be given its ordinary and popular meaning. Id. at 240 and Palmer v. Pheils (Aug. 29, 1997), 6th Dist. App. No. WD-96-001.
 {¶ 15} Appellee cites to various cases in support of its position that once it defended appellant, appellant could not recover its attorney fees incurred in defense of the suit. However, in all of the cases cited by appellee, the central issue was the rights of the surety when the principal did not attempt to honor its obligation to provide for the surety's defense. None of these cases address the issue of the rights of the surety when it alleges that the principal inadequately defended the action and the surety incurred legal fees and expenses to assist in the defense.
 {¶ 16} Appellant cites four cases from other jurisdictions to support its position that it did not forfeit its right to prepare its own defense after it tendered its defense to appellee: Ideal ElectronicSecurity Co., Inc. v. International Fidelity Ins. Co. (D.C. Cir. 1997),129 F.3d 143 ; Fallon Electric Co., Ind. v. Cincinnati Ins. Co. (3d Cir. 1997), 121 F.3d 125; James Constructors, Inc. v. Salt Lake City Corp.
(Ct.App., Utah, 1994), 888 P.2d 665; and United Rigers and Erectors,Inc. v. Marathon Steel Co. (10th Cir. 1984), 725 F.2d 87, 90-91.
 {¶ 17} In Ideal Electronic Security Co., Inc. v. InternationalFidelity Ins. Co., supra, International Fidelity Ins. Co., the surety, sued its principal for legal fees and expenses the surety incurred to defend against an action brought against the principal. The case involved two issues. First, under the terms of the indemnity agreement, the court determined that the surety retained its right to settle or defend the claim until the principal deposited collateral to cover the surety's potential liability in the lawsuit. Pursuant to the agreement, the surety was entitled to recover its legal fees and expenses incurred in "good faith." Id. at 148. The court determined that even if it applied a reasonable necessity standard for determining whether the fees and expenses had been incurred in "good faith," a jury could only conclude that the surety's hiring of counsel to defend the breach of contract claim was reasonable in this case. Id. at 149. The court held that the surety's retention of its own counsel was reasonable because the principal had refused the surety's demand for a reserve payment to cover its alleged liability to the plaintiff. Id. at 150.
 {¶ 18} Second, the court determined that it had a duty to award only reasonable fees despite the language of the contract. The court also stated that the "prima facie" language of the contract (that "vouchers or other evidence of any payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety,") did not conclusively prove that the fees and expenses were reasonable. Rather, this language merely shifted the burden of proving that the fees and expenses were unreasonable to the principal. Id. at 150-151.
 {¶ 19} Likewise, in James Constructors, Inc. v. Salt Lake CityCorp., supra, and United Rigers and Erectors, Inc. v. Marathon SteelCo., supra, a stipulation to resolve a dispute regarding an indemnity agreement and the indemnity agreement itself gave the surety the right to reimbursement for its independent defense.
 {¶ 20} In James Constructors, Inc. v. Salt Lake City Corp., supra, the parties stipulated to resolve the issue of the indemnity claims that the surety would not require a collateral deposit and that the principal would be liable for the surety's "costs and reasonable attorney fees, subject to [the principal's] right to request an evidentiary hearing with respect to the reasonableness of the claimed costs and fees." The parties also agreed "`to be bound by the Court's determination of reasonableness.'"
 {¶ 21} In United Riggers Erectors, Inc. v. Marathon SteelCo., supra at 90, the court held that the indemnity agreement provided that the surety had retained control over the defense of the underlying lawsuit because the principal had failed to provide collateral for its potential liability as required by the contract.
 {¶ 22} Only in Fallon Electic Co., Inc. v. Cincinnati Insur. Co.
(3rd Cir., 1997), 121 F.3d 125, 128-129, did the principal challenge his duty under the indemnity agreement to provide a defense. The principal also challenged whether the surety's defense fees and expenses were reasonable. The court held that the surety was entitled to its independent defense fees and expenses without proving that they were a reasonable necessity. The court based its decision on the indemnity agreement which provided that payment or settlement of the claim was "prima facia [sic] evidence of the facts and the amount of the liability of [the principal] under this Agreement." Such language was interpreted as shifting the burden of proving that the fees were excessive to the principal. Id. at 128-129. Furthermore, the court found that the principal had failed to meet its burden of proving that the defense fees and expenses were not a reasonable necessity. Id. The court also held that the language of the indemnity agreement determines the standard by which the principal would have to prove that the defense fees and expenses were unreasonable. Id.
 {¶ 23} This issue has also been addressed by the First Appellate District in Ohio in Sentry Ins. Co. v. Davison Fuel Dock Co.
(1978), 60 Ohio App.2d 248. In the Sentry case, the principal and the surety each retained their own counsel to defend in the lawsuit arising from the breach of the underlying contract. The surety presented additional defenses to the claims. After the lawsuit was resolved, the surety sought reimbursement from the principal for the legal fees and expenses incurred in defending the lawsuit. The indemnity agreement in that case provided that:
 {¶ 24} "[The principal agrees] to indemnify and keep indemnified the [surety] from and against any liability, and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature which [the surety] shall at any time sustain or incur, for or by reason, or in consequence of [the surety] having become surety or entering into such bond or bonds undertaking or undertakings." Id. at 248.
 {¶ 25} The court held that the principal was obligated by the indemnity agreement to reimburse the surety for its legal fees and expenses that had a "rational and reasonable relation to the surety's actual and potential liabilities arising directly from the bonded transaction, reasonable in amount and incurred in good faith." Id. at 251. The court rejected the surety's claim that it was entitled to recover all of its legal fees and expenses that were incurred at its discretion, even if they were incurred in good faith. Id. at 252. Therefore, the court refused to reimburse the surety for its legal fees and expenses that represented duplicative defense fees and expenses and generalized legal services that were not specifically delineated. Id. at 252. This holding was premised, however, on the fact that the surety agreed that the principal's counsel was competent to represent the surety in all phases of the litigation. Id. at 249 and 252.
 {¶ 26} We therefore conclude that none of these cases support appellant's theory that the surety does not forfeit its right to assert its own defense once the principal tenders a defense for the surety. Rather, all of these cases indicate that the language of the indemnity agreement controls the issue of whether the surety may charge the principal for the surety's defense fees and expenses. Therefore, we turn to an examination of the indemnity agreement in this case. The agreement provides that:
 {¶ 27} "Section 2 — Indemnification. The `Undersigned' shall indemnify and keep the Surety indemnified against, and hold harmless from, any and all liability for loses and expenses of whatsoever kind or nature, including the fees and disbursements of counsel, and against all said losses and expenses, which the Surety may sustain or incur (I) by reason of having executed or procured the execution of any bond or bonds, presently or hereafter applied for, (II) by reason of the failure of the Undersigned to perform or comply with the covenants and conditions of this agreement, (III) in enforcing any of the covenants and conditions of this agreement, or (IV) in defending any action against the Surety arising out of the execution of any bonds on behalf of the Principal or the Surety's exercise of any rights under this agreement, and the Undersigned will pay over, reimburse and make good to the Surety all sums and amounts of money which the Surety shall pay or cause to be paid or become liable to pay under any such instruments, or as charges and expenses of whatever nature or kind, including attorney fees, by reason of the execution of the instruments or in connection with any litigation, investigation or other matters connected therewith, such payments to be made to the Surety as soon as it shall have become liable therefor, whether it shall have paid out any such sums or any part thereof or not.
 {¶ 28} "* * *.
 {¶ 29} "Section 4 — Evidence of payment. The vouchers or other evidence of any loss paid by the Surety under the bonds shall be taken as prima facie evidence not only against the Undersigned jointly and severally, but as well against their respective heirs, executors, administrators, successors and assigns of the fact and extent of liability under the obligation of the Surety."
 {¶ 30} Clearly under this indemnity agreement, appellee was required to provide a defense for appellant. Thus, appellant has proven the first prima facie element of its case. Whether appellant demonstrated a breach of this agreement, as required by the second prima facie element of its case, cannot be determined on summary judgment. Appellant presented the affidavit of its counsel who attested that appellee was not providing a proper defense to the action and that his assistance was critical to the resolution of the case. However, appellee also presented an affidavit of its counsel who attested that the assistance of appellant's counsel was helpful, but not critical to the resolution of the case. Therefore, the question of whether appellee provided a full and proper defense to the lawsuit must be resolved by the trier of fact. Furthermore, since this indemnity agreement contains a "prima facie evidence of payment clause," the burden of proving that appellant's additional defense fees and expenses were unreasonable and unnecessary falls on appellee.
 {¶ 31} "Therefore, we find appellant's first assignment of error well taken and appellant's second assignment of error not well-taken. We hold that the trial court erred in granting summary judgment in this case because material questions of fact exist."
 {¶ 41} Having found that the trial court committed error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this decision and judgment entry. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.
 JUDGMENT REVERSED.
Knepper and Pietrykowski, JJ., concur.