OPINION
{¶ 1} On June 26, 2003, appellants, James and Carole Stoneman, posted a $50,000 surety bond for their son, John Stoneman. Appellants paid $5,000 and signed a contingent promissory note and indemnity agreement with appellee, Castle Bail Bonds, for bail services.
 {¶ 2} John Stoneman failed to appear for court. On December 15, 2003, appellee, together with American Safety Casualty Insurance Company, filed a complaint against appellants for $50,000 plus interest, costs and attorney fees.
 {¶ 3} On July 21, 2004, appellees filed a motion for summary judgment. By judgment entry filed October 22, 2004, the trial court granted said motion and awarded appellees $50,000 plus interest, costs and attorney fees in the amount of $4,500.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial judge erred by awarding summary judgment in favor of plaintiffs-appellees."
 I {¶ 6} Appellants claim the trial court erred by granting summary judgment in favor of appellees. Appellants claim there was a lack of explanation as to the extent of their guarantee and their obligation on the contingent promissory note and indemnity agreement. Appellants also challenge the trial court's award of attorney fees.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 10} Appellants do not deny that they signed the contingent promissory note and indemnity agreement, but argue they were led to believe that their son had pledged his home, and were distracted by not only the seriousness of their son being in jail, but by the chatter of appellee's representative. See, Appellants' Affidavit at ¶ 14, 19, 32, attached to their August 27, 2004 Memorandum in Opposition to Motion for Summary Judgment. Appellants also argue they were never verbally informed of the consequences of signing the note and agreement. Id. at ¶ 18, 22, 32.
 {¶ 11} The evidence presented by appellees in support of their motion for summary judgment clearly documents that the contingent promissory note and indemnity agreement informed appellants of their obligations if their son failed to appear. See, Exhibits A and B, attached to the Complaint filed December 15, 2003. The indemnity agreement states the following at ¶ 2:
 {¶ 12} "That the undersigned will at all times indemnify and save SURETY or its Agent, harmless from and against every and all claims, demands, liability, cost, charge, counsel fee, expense, suit order, judgment or adjudication what so ever which the said SURETY or its agents shall or may for any cause at any time sustain or incur By reason or in consequence of the said SURETY having executed said bond or undertaking will upon demand place the said SURETY or its agent in funds to Meet every claim, demand, liability, cost, charge, counsel fee, expense, suit order, judgment, or adjudication against it, by reason of such Suretyship, and before it or its Agent shall be required to pay the same."
 {¶ 13} Although appellants claim they never read the note and agreement and were misled, we nevertheless find these assertions do not fulfill their burden à la Dresher v. Burt, 75 Ohio St.3d 280, 1996 Ohio 107. It is important to note that with a total reading of appellants' affidavit, the misleading statements were made by their son's girlfriend and not appellee's representative. Also, by signing a contract, parties may not defend by claiming they did not read what they were signing.McAdams v. McAdams (1909), 80 Ohio St. 232. Parties may not ignore the consequences of a contract by claiming a lack of due diligence on their own behalf. The contents of the two exhibits are clear and unambiguous on their face.
 {¶ 14} Upon review, we find the trial court properly found the contingent promissory note and indemnity agreement to be enforceable.
 {¶ 15} As for the award of attorney fees, appellants argue the trial court erred in so awarding said fees based upon the well established "American Rule" which states a prevailing party in a civil action may never recover attorney fees absent statutory authority. State ex rel.Caspar v. Dayton (1990), 53 Ohio St.3d 16. In addition, appellants argue a hearing on the reasonableness of the attorney fees was not held.
 {¶ 16} The obligation to pay attorney fees is expressly set forth in both the contingent promissory note and the indemnity agreement. Parties may freely agree to be responsible for attorney fees via a contractual agreement. Worth v. Aetna Casualty (1987), 32 Ohio St.3d 238; Allen v.Standard Oil Co. (1982), 2 Ohio St.3d 122. Therefore, we conclude the award of attorney fees was appropriate. However, we note a hearing on the reasonableness of the fees was not conducted by the trial court and appellants objected to the award of attorney fees in light of the fact that appellees "offered no evidence that the attorney fees requested were reasonable in light of the work performed." See, Motion filed September 24, 2004.
 {¶ 17} Assignment of Error I is granted in part as to the amount of reasonable attorney fees to be determined after hearing.
 {¶ 18} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed in part, reversed in part and remanded.
Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed in part, reversed in part and the matter is remanded to said court for a hearing on the amount of reasonable attorney fees. Costs to appellants.