OPINION
{¶ 1} Plaintiff-appellant, Leslie Pasco, appeals from a judgment of the Franklin County Court of Common Pleas denying her request for an award of attorney fees in this matter. For the following reasons, we affirm that judgment.
 {¶ 2} Almost 17 years ago, appellant stored her boat with BB Marine Sales and Service ("BB Marine"). In 1990, appellant filed a complaint against BB Marine and its general partners, alleging that BB Marine's negligence in storing and handling her boat caused damage to the boat. Appellant also asserted several violations of the Ohio Consumer Sales Practices Act ("CSPA"). R.C. 1345.01 et seq. Her complaint was eventually transferred to the Ottawa County Court of Common Pleas. At the time, BB Marine was insured under two insurance policies issued by defendant-appellee, State Automobile Mutual Insurance Company ("State Auto"). State Auto fully defended BB Marine during the course of the Ottawa County litigation.
 {¶ 3} In 1994, the Ottawa County Court of Common Pleas issued a decision that found in favor of BB Marine on most of appellant's claims. However, the trial court did find several violations of the CSPA. Ultimately, the trial court awarded appellant $1,800 in statutory damages, $10,000 in attorney fees, $2,588.60 in expenses, and $960 in prejudgment interest. The trial court assessed the attorney fees and expenses as costs of the litigation. State Auto denied coverage under their policies for both the statutory damages and costs awarded in the Ottawa County litigation. BB Marine ultimately settled with appellant. Pursuant to the settlement agreement, BB Marine assigned to appellant any claims it had against State Auto under its policies arising out of the Ottawa County litigation.
 {¶ 4} In August 1996, appellant, as assignee of BB Marine's claims against State Auto, filed the instant suit against State Auto in the Franklin County Court of Common Pleas. Appellant sought coverage under the State Auto policies for both the statutory damages and costs awarded to her in the Ottawa County litigation. She asserted claims for declaratory relief, breach of contract, breach of good faith and fair dealing, bad faith, waiver, and estoppel.[1] State Auto moved for summary judgment on all of appellant's claims, arguing that damages for the CSPA violations and the attorney fees assessed as costs in the Ottawa County litigation were not covered by their insurance policies. The trial court granted State Auto's motion, ruling that appellant was not entitled to coverage under State Auto's policies for the statutory damages or the attorney fees assessed as costs in the Ottawa County litigation. On appeal, this court affirmed the trial court's decision to the extent it held that statutory damages were not covered under State Auto's policies. Pasco v. State Auto. Mut. Ins. Co. (Dec. 21, 1999), Franklin App. No. 99AP-430. However, we reversed the trial court's determination that the attorney fees assessed as costs in the Ottawa County litigation were not covered under State Auto's policies. Accordingly, we remanded the matter to the trial court for further proceedings consistent with our opinion.
 {¶ 5} On remand, the trial court ruled that the sole issue before the court was the amount of costs (which included attorney fees) assessed in the Ottawa County litigation. The parties stipulated to the amount of costs assessed in the Ottawa County litigation plus interest and the trial court entered judgment in that amount for appellant. State Auto paid that judgment. Nevertheless, appellant appealed again, arguing that the trial court erred when it failed to address appellant's request for attorney fees in the instant case. This court agreed, reversing the trial court's judgment and remanding the matter. Pasco v. State Auto. Mut.Ins. Co. (Aug. 16, 2001), Franklin App. No. 00AP-1354. We specifically instructed the trial court to "determine whether attorney fees incurred in the prosecution of appellant's successful claim should be awarded as an element of damages or as costs and, if so, how much." Id.
 {¶ 6} On remand, both parties moved for summary judgment on the issue of attorney fees. Appellant argued she was entitled to attorney fees based on: (1) State Auto's breach of an indemnity contract; (2) former R.C. 2721.09; (3) R.C. 1345.09; and (4) a stipulation between the parties in which appellant alleged State Auto forfeited its right to contest an award of attorney fees. The trial court rejected each of appellant's arguments and granted summary judgment in favor of State Auto on appellant's claim for attorney fees.
 {¶ 7} Appellant appeals, assigning the following error:
The trial court erred and abused its discretion when it overruled appellant's summary judgment motion and granted appellee's summary judgment motion on the issue of whether appellant was entitled to recover attorneys fees incurred herein, as common law damages for breach of an indemnity agreement or as costs.
 {¶ 8} Appellate review of summary judgment motions is de novo. Heltonv. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 9} Appellant contends in her assignment of error that the trial court erred by denying her request for attorney fees. Attorney fees are generally not recoverable in contract actions. First Bank of Marietta v.L.C. Ltd. (Dec. 28, 1999), Franklin App. No. 99AP-304. Such a principle comports with the "American Rule" that requires each party involved in litigation to pay its own attorney fees in most circumstances. Sorin v.Bd. of Edn. (1976), 46 Ohio St.2d 177, 179. Exceptions to that rule allow for the recovery of attorney fees if: (1) a statute creates a duty to pay fees; (2) the losing party has acted in bad faith, or (3) the parties contract to shift fees. McConnell v. Hunt Sports Ent. (1999),132 Ohio App.3d 657, 699, citing Pegan v. Crawmer (1997),79 Ohio St.3d 155, 156. When an award of attorney fees is not based upon a statutory or contract right, it is a matter within the sound discretion of the trial court. Layne v. Layne (1992), 83 Ohio App.3d 559, 568. Thus, an award for attorney fees will not be overturned on appeal absent an abuse of discretion. Motorists Mut. Ins. Co. v. Bradenburg (1995),72 Ohio St.3d 157, 160. A reviewing court will not disturb the judgment unless it reflects an arbitrary, unreasonable, or unconscionable attitude. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Appellant first contends that the parties entered into a stipulation pursuant to which State Auto agreed to forfeit its right to contest an award of attorney fees. The trial court ruled that the plain language of the stipulation did not indicate that State Auto forfeited its right to contest an award of attorney fees. We agree.
 {¶ 11} The interpretation of a written contract is a matter of law to be determined by the court. Alexander v. Buckeye Pipe Line Co. (1977),49 Ohio St.2d 158, paragraph one of the syllabus. Questions of law require de novo review by this court. Long Beach Assn., Inc. v. Jones
(1998), 82 Ohio St.3d 574, 576, citing Ohio Bell Tel. Co. v. Pub. Util.Comm. (1992), 64 Ohio St.3d 145, 147. The paramount objective in construing such a written agreement is to ascertain the parties' intent.Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51,53. The contract must be given a just and reasonable construction that carries out the intent of the parties as evidenced by the contractual language. Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. Absent ambiguity in the contractual language, the parties' intent is to be ascertained solely from the language contained in the document. Kelly v. Medical Life Ins. Co.
(1987), 31 Ohio St.3d 130, 132. A stipulation is an agreement just like a contract. State v. Blaine, Highland App. No. 03CA9, 2004-Ohio-1241, at ¶ 11. Therefore, we turn our attention to the specific language in the stipulation.
 {¶ 12} In 1997, the parties entered into a written stipulation in an attempt to streamline the presentation of evidence at trial. The plain language of the stipulation sets forth the procedure the parties would follow in resolving the attorney fees issue. The parties stipulated that: (1) appellant would request fees if she prevailed; (2) appellant would submit a motion containing evidentiary materials in support of her request; (3) State Auto would respond to her motion; and, (4) the matter would be submitted to the trial court. Appellant does not claim the stipulation is ambiguous, nor does she point to any specific language in the stipulation which indicates that State Auto waived its right to contest an award of attorney fees. Rather, appellant claims that the stipulation and the circumstances surrounding its preparation indicate that State Auto only intended to retain its right to contest the amount of an award — not appellant's right to some award for attorney fees. We disagree.
 {¶ 13} The plain language of the stipulation does not indicate that State Auto intended to forfeit its right to contest an award of attorney fees. State Auto expressly retained the right to file a response to appellant's request for attorney fees. A response could certainly include an objection to an award of any attorney fees. Therefore, State Auto did not forfeit its right to contest an award of attorney fees. The plain language of the stipulation also negates appellant's equitable estoppel argument. The language used in the stipulation is not inconsistent with State Auto's position herein. The stipulation does not give appellant a contractual right to an award of attorney fees in this dispute, nor does it support a claim for equitable estoppel.
 {¶ 14} Appellant next argues that she is entitled to an award of attorney fees because State Auto breached an indemnity contract. See, e.g., Allen v. Standard Oil Co. (1982), 2 Ohio St.3d 122, paragraph two of the syllabus. However, appellant's argument, and her reliance onAllen, is misplaced. Allen and its progeny do not apply to the present facts because the indemnity obligation at issue in the case at bar was the obligation to pay costs — not the obligation to provide a defense. InAllen, Standard Oil Company ("Standard") entered into an agreement with Refiners Transport Terminal Corporation ("Refiners") in which Refiners agreed to indemnify and defend Standard. Standard subsequently requested that Refiners defend it from a lawsuit filed by a Refiners' employee. Refiners denied that request and Standard obtained its own counsel to defend the lawsuit. The Supreme Court of Ohio ruled that Refiners wrongfully refused to defend Standard in the underlying litigation. As a result, Standard was entitled to recover as damages the attorney fees it incurred in defending the underlying litigation and in vindicating its rights. Id. at 126. See, also, Motorists Mut. Ins. Co. v. Trainor
(1973), 33 Ohio St.2d 41, 47 (recovery of attorney fees allowed when an insurer wrongfully breached its contractual duty to defend an insured).
 {¶ 15} In both Allen and Trainor, a party who was contractually obligated to defend another party wrongfully breached that duty and was required to pay damages (attorney fees) incurred as a result of the breach. In the present case, State Auto fully performed its contractual obligation to defend its insured, BB Marine, from the claims originally brought by appellant. Thus, State Auto did not breach its contractual duty to defend, making Allen and its progeny inapposite to this matter. The duty to provide a defense to an insured under an insurance contract is separate and distinct from the duty to pay a judgment or an award of costs against the insured. Therefore, the breach of a duty to pay costs does not automatically entitle the insured to a damage award for the attorney fees incurred by the insured in vindicating its rights under the insurance contract.
 {¶ 16} Appellant next identifies several statutes which, she claims, authorizes an award of attorney fees. She first argues that R.C. 1345.09(F) supports an award of attorney fees. That statute provides for an award of attorney fees for certain violations of the CSPA. Appellant's complaint in this case, however, does not allege claims for violations of the CSPA. Appellant only alleged claims for declaratory relief, breach of contract, breach of good faith and fair dealing, bad faith, waiver, and estoppel. The fact that the original Ottawa County litigation involved a CSPA violation is irrelevant. Therefore, R.C. 1345.09(F) does not support an award of attorney fees in this case.
 {¶ 17} Appellant also asserts that former R.C. 3929.06[2] allows her to file a declaratory judgment action directly against State Auto and that under former R.C. 2721.09, she was entitled to attorney fees. We disagree. We first note that former R.C. 3929.06 does not apply to appellant's case. Appellant did not file a supplemental petition in the original court that rendered judgment, the Ottawa County Court of Common Pleas. Rather, appellant filed a "Complaint for Damages" in the Franklin County Court of Common Pleas and did not allege that the action was brought pursuant to R.C. 3929.06. Therefore, R.C. 3929.06 is inapplicable.
 {¶ 18} Appellant's complaint did include a claim for declaratory relief. Therefore, R.C. 2721.09 would apply to that claim. The parties disagree as to what version of that statute is applicable to the present matter. Former R.C. 2721.09 allowed for an award of attorney fees as "further relief" to a prevailing party in a declaratory judgment action.Mechanical Contractors Assoc. of Cincinnati, Inc. v. Univ. ofCincinnati, 152 Ohio App.3d 466, 2003-Ohio-1837, at ¶ 35. R.C. 2721.09, however, was amended effective September 24, 1999, making it subject to R.C. 2721.16. That statute limited a court's authority to award attorney fees in declaratory judgment actions to situations where a statute expressly authorized an award of attorney fees in a declaratory judgment action or where attorney fees were warranted by frivolous conduct or by an award of punitive or exemplary damages. R.C. 2721.16(A); MechanicalContractors, at ¶ 36.
 {¶ 19} Appellant contends that former R.C. 2721.09 applies to her request for attorney fees. We disagree. R.C. 2721.16(B)(2) states that R.C. 2721.16 expressly applies to an "action or proceeding that was commenced prior to September 24, 1999, that is pending in a court of record on that date, and that seeks declaratory relief under this chapter." Appellant's claim for declaratory relief was commenced prior to September 24, 1999, and was pending as of the statute's effective date. Therefore, the amended version of R.C. 2721.09 applies in this case and appellant's right to attorney fees is limited by R.C. 2721.16. Id. at ¶ 38.
 {¶ 20} Appellant also contends that R.C. 2721.16 cannot be retroactively applied to her request because she had a vested right to attorney fees in this case before the effective date of the statute. However, this court has previously determined, as have other courts, that R.C. 2721.16 is not applied in an unconstitutionally retroactive manner because its provisions are remedial, not substantive, in nature. Id. at ¶ 39; see, also, Harkai v. Scherba Industries, Inc., Medina App. No. 02CA0007-M, 2003-Ohio-366, at ¶ 15. Additionally, appellant was not a prevailing party before the effective date of R.C. 2721.16. On September 24, 1999, the effective date of R.C. 2721.16, appellant's claim for declaratory relief was still pending. She did not receive a judgment in her favor until this court's first decision on December 21, 1999. Therefore, she had no vested right to the recovery of attorney fees in this case pursuant to former R.C. 2721.09. Id. at ¶ 17 (no vested right to attorney fees when judgment entered after September 24, 1999);Mechanical Contractors, supra, at ¶ 39.
 {¶ 21} Nonetheless, appellant argues that State Auto's breach of its duty to pay costs vested a right in its insured, BB Marine, to recover damages resulting from the breach of an indemnity contract. Because BB Marine assigned its rights to appellant, she now claims a vested right to recover such damages, which she argues includes attorney fees. However, as we previously noted, the obligation to indemnify an insured for court costs is separate and distinct from the obligation to provide a defense. State Auto fully complied with its obligation to defend BB Marine in the underlying action. State Auto also paid the cost award (including attorney fees) assessed in the Ottawa County litigation. The issue here is whether appellant is entitled to attorney fees incurred in asserting its rights under the policies in this case. Therefore, appellant's request for attorney fees is subject to the "American Rule" like any other contract action.
 {¶ 22} Appellant also contends that State Auto has waived the application of R.C. 2721.16 by not timely asserting this argument in the trial court. We disagree. Appellant's request for an award of attorney fees in this case was not at issue until we remanded the case to the trial court (for the second time) with specific instructions to consider appellant's request for attorney fees. At that point, State Auto promptly brought R.C. 2721.16 to the attention of the trial court in its response to appellant's request for attorney fees.
 {¶ 23} Appellant also contends that she is entitled to an award of attorney fees under R.C. 2721.16 because that statute does not bar her right to recover attorney fees as common law damages for State Auto's breach of an indemnity contract. However, appellant has failed to show that any of the exceptions to the "American Rule" apply and the trial court did not abuse its discretion in denying an award of attorney fees under these circumstances.
 {¶ 24} Finally, appellant contends that she is entitled to attorney fees even under the current version of R.C. 2721.09 because R.C. 2721.16
continues to allow for an award of attorney fees when a statute otherwise allows for such an award. Appellant again claims that R.C. 1345.09(F) allows for an award of attorney fees. However, as noted previously, appellant did not allege in this case that State Auto violated R.C.1345.09(F) or any other provision of the CSPA. Therefore, R.C. 1345.09(F) is not a basis for an award of attorney fees.
 {¶ 25} Appellant's theories for the recovery of attorney fees in this case are flawed, and the trial court did not abuse its discretion by denying her request. Accordingly, we overrule her lone assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown, P.J., and Sadler, J., concur.
[1] Appellant's bad faith and waiver claims are not at issue in this appeal.
[2] Former R.C. 3929.06 allowed for a judgment creditor to file a supplemental petition in the action where the judgment was rendered to name an insurer as a party to the proceeding.