Judgment reversed<br>and cause remanded.

FRENCH and TRAVIS, JJ., concur.

KEAL, Appellant,

v.

DAY, Appellee.

[Cite as *Keal v. Day,* 164 Ohio App.3d 21, 2005-Ohio-5551.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050107.

Decided Oct. 21, 2005.

22

Richard L. Hurchanik, for appellant.

Santen & Hughes, J. Robert Linneman, and William A. DeCenso, for appellee.

GORMAN, Presiding Judge.

{¶ 1} Plaintiff-appellant, John Keal, appeals from the trial court's order overruling his motion to award attorney fees against defendant-appellee, Robert Day, pursuant to a clause in their commercial lease. In his single assignment of error, Keal contends that he was the "prevailing party" in Day's forcible-entry-and-detainer action, as the trial court declined to issue a writ of restitution. Because the parties entered into a settlement in which they agreed upon a new lease to accommodate their interests, the trial court correctly overruled their cross-motions for attorney fees.

{¶ 2} This case has a lengthy history. In January 1997, Keal agreed to purchase a restaurant business and to lease the real estate on which the business was located from Day for a term ending on September 31, 2003, with an option to renew for two additional five-year terms. In October 2000, the parties settled their first lawsuit and executed a new lease. On May 20, 2002, Keal filed a complaint alleging that Day had breached the lease by failing to provide maintenance and to make repairs to the restaurant floor, causing the business to be temporarily closed by the county building commissioner. Day filed an answer and counterclaim in forcible entry and detainer. His complaint also included three counts for damages allegedly arising from Keal's breach of the lease by failing to pay property taxes that he had subsequently placed in escrow.

{¶ 3} After a two-day hearing, the magistrate concluded that although Keal's obligation to pay taxes under the former lease at the time of settlement was not extinguished, the new lease did not incorporate by reference Keal's obligation to

satisfy the unpaid property taxes. Therefore, the magistrate found that Day was not entitled to a writ of restitution and reserved for trial the issue of damages and whether Keal had exercised the option to renew the lease for a new term. The trial court overruled Day's objections to the magistrate's findings. Day appealed the trial court's judgment, and on June 9, 2004, we affirmed.

{¶ 4} On September 13, 2004, the parties entered into a settlement in which they agreed to execute a new lease for a term beginning on November 1, 2004, and ending on October 31, 2008. Their settlement also included an increase in the monthly rent, modified their respective maintenance responsibilities, and provided that Keal was obligated for past, but not future, taxes under the lease. They agreed to dismiss all claims except their claims for attorney fees.

{¶ 5} Ohio has adopted the "American Rule," by which each party to a lawsuit must pay his or her own attorney fees. See *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 347 N.E.2d 527. Exceptions to the rule allow fee-shifting and taxing attorney fees as costs (1) if there has been a finding of bad faith, (2) if a statute expressly provides that the prevailing party may recover attorney fees, and (3) if the parties' contract provides for fee-shifting. See *Nottingdale Homeowners' Assn., Inc. v. Darby* (1987), 33 Ohio St.3d 32, 33–34, 514 N.E.2d 702; see, also, *Newman v. Salamander Indus. Products, Inc.* (Apr. 16, 1999), 1st Dist. Nos. C–970811, C–970843, and C–970879, 1999 WL 218696.

{¶ 6} In this case, section 14 of the parties' lease provided: "Attorney's Fees. In case a suit should be brought for recovery of the premises, or for any sum due hereunder, or because of any act which may rise out of possession of the premises, by either party, the prevailing party shall be entitled to all costs incurred in connection with such action including a reasonable attorney's fee."

{¶ 7} When an award of attorney fees is not authorized by statute or by contract, the award is a matter of the trial court's sound discretion. See *Pasco v. State Auto. Mut. Ins. Co.*, 10th Dist. No. 04AP–696, 2005-Ohio-2387, 2005 WL 1155901, at ¶ 9. The interpretation of a written contract, however, is a question of law. See *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph one of the syllabus. Therefore, in this case, the trial court's interpretation of section 14 of the lease is subject to de novo review. See *Long Beach Assn., Inc. v. Jones* (1998), 82 Ohio St.3d 574, 576, 697 N.E.2d 208, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286. Absent ambiguity in the language of the contract, the parties' intent must be determined from the plain language of the document. See *Hybud Equip. Co. v. Sphere Drake* (1992), 64 Ohio St.3d 657, 665, 597 N.E.2d 1096.

{¶ 8} A "prevailing party" is one in whose favor the decision or verdict is rendered and judgment entered. See *Collins v. York* (Dec. 22, 2000), 1st Dist. No. C–000125, 2000 WL 1867371, quoting *Hagemeyer v. Sadowski* (1993), 86 Ohio App.3d 563, 566, 621 N.E.2d 707. In *Collins*, we held that where the plaintiff settled his personal-injury claim on the day of trial for less than what he was awarded at arbitration, he had obtained "some relief" to permit the taxing of the costs of a deposition to the prevailing party under Civ.R. 54(D). Accordingly, we held that Collins was the prevailing party in the arbitration. See, also, *Sigg v. Subway Sandwich Shops, Inc.* (July 23, 1997), 3rd Dist. No. 4–97–12, 1997 WL 410725.

{¶ 9} Keal obtained "some relief" when he successfully defended against Day's claim for forcible entry and detainer, for the reasons stated in our opinion affirming the trial court's judgment on June 9, 2004. Therefore, the magistrate and the trial court incorrectly concluded that Keal was not a "prevailing party," because he had "not been awarded any amount by arbitration or judgment." There was in fact an adjudication on the merits, as he prevailed on Day's claim for forcible entry and detainer and by virtue of that judgment retained possession of the premises. See *Duckworth v. Burger King Corp.*, 159 Ohio App.3d 540, 2005-Ohio-294, 824 N.E.2d 592, at ¶ 17–19. However, between the trial court's January 2, 2003 order overruling Day's objections to the magistrate's decision filed on October 18, 2002, and our judgment of June 9, 2004, affirming the trial court's judgment, the lease expired.

{¶ 10} The next question, then, is whether Keal forfeited his status as a prevailing party by the settlement agreement of September 13, 2004. In *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 559–560, 597 N.E.2d 153, the Ohio Supreme Court held that where a jury's verdict was half of an arbitration award, the plaintiff could not be deemed a prevailing party for purposes of Civ.R. 54(D). The majority in *Roedersheimer* concluded that the defendant, who had received a substantial reduction in the arbitration award from the jury, was the party who had prevailed. See id.

{¶ 11} We acknowledge that the awarding of costs to a prevailing party under Civ.R. 54(D) differs from the fee-shifting terms of a contract, but we are persuaded that the parties' settlement brings this case within the Supreme Court's rationale in *Roedersheimer*. The magistrate and the trial court viewed Keal's settlement and his acceptance of a new lease until 2008, which included a modification of the parties' obligations in the former lease, as a substantial change to the relief Keal had obtained by the judgment denying Day a writ of restitution. Merged in their settlement for a new lease was the disputed issue of whether Keal had exercised his option to renew the lease for an additional five-year term after the initial term of the lease had expired. See *Skull Creek Club v.*

*Cook & Book, Inc.* (1993), 313 S.C. 283, 437 S.E.2d 163. The magistrate cogently observed, "[I]t would be unreasonable for this court to scrutinize the settlement agreement and try to discern which party was more 'successful' based on their settlement agreement."

{¶ 12} We agree with the magistrate. By entering into the settlement agreement for a new lease, Keal nullified the benefit that had resulted from his successful defense against Day's claim for forcible entry and detainer. Therefore, he forfeited his status as the prevailing party by agreeing to a new lease, which compromised and altered his terms of possession of the premises under the former lease. The magistrate and the trial court correctly denied the parties' cross-motions for attorney fees.

{¶ 13} Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

SUNDERMANN and HENDON, JJ., concur.