OPINION
{¶ 1} Northeast Supply Co., Ltd., appeals the judgment of the Lake County Court of Common Pleas denying its motion for expenses and attorney fees, in a case arising in contract, intentional misrepresentation, and negligent misrepresentation. We affirm. *Page 2 
 {¶ 2} This appeal is from a re-filed action concerning the construction of a parking lot for appellee J.B.H. Properties, Inc., in Painesville, Ohio. The re-filed complaint named five, evidently interrelated defendants, including appellant Northeast. Following considerable motion practice, the matter came on for jury trial May 15, 2006; and, on May 22, 2006, the jury returned a verdict finding in favor of J.B.H. on its breach of contract claim against Northeast, in the amount of $10,000. On all other claims, it found in favor of defendants. The trial court entered its judgment on the verdict May 23, 2006. The judgment included an award of costs to J.B.H., presumably pursuant to Civ.R. 54(D).
 {¶ 3} During post-trial practice, Northeast filed its motion for expenses and attorney fees, which J.B.H. opposed. The motion was founded on paragraph 16(k) of the contract between the parties which provides:
 {¶ 4} "In the event of any litigation or proceeding to enforce any term, condition or covenant of this Agreement or to procure a determination of the rights of any party to this Agreement, thesubstantially prevailing party shall be entitled to recover its expenses, including reasonable attorneys' fees, in connection with the litigation or proceeding, including appeals, and such amounts may be included in any judgment or order entered in the litigation or proceeding." (Emphasis added.)
 {¶ 5} J.B.H. opposed the motion; and, Northeast replied. By a judgment entry filed January 8, 2007, the trial court denied Northeast's motion. In the trial court, as on appeal, Northeast contended it should be deemed the "substantially prevailing party" in the litigation, pursuant to Paragraph 16(k) of the subject contract, since J.B.H.'s $10,000 *Page 3 
recovery was the merest fraction of the damages sought.[1] The trial court reasoned, however, that the appropriate measure for determining which party substantially prevailed should be a comparison between Northeast's final settlement offer prior to trial, and the ultimate verdict in favor of J.B.H. As Northeast failed to present to the trial court any evidence regarding settlement figures it may have offered, the trial court deemed the motion not well-taken.
 {¶ 6} Northeast timely noticed this appeal, assigning a single error:
 {¶ 7} "The trial court erred in denying Northeast Supply's motion for expenses and attorneys' fees pursuant to ¶ 16(k) of the agreement, which provides for an award of attorneys' fees and expenses to the `substantially prevailing party.'"
 {¶ 8} "Ohio has adopted the `American Rule' in which each party to a lawsuit must pay his or her own attorney fees. See Sorin v. WarrensvilleHts. School Dist. Bd. of Edn. (1976), 46 Ohio St.2d 177, 179 * * *. Exceptions to the rule allow fee-shifting and taxing attorney fees as costs (1) if there has been a finding of bad faith; (2) if a statute expressly provides that the prevailing party may recover attorney fees; and (3) if the parties' contract provides for fee-shifting. SeeNottingdale Homeowners' Assn., Inc. v. Darby (1987), 33 Ohio St.3d 32,33-34 * * *; see, also, Newman v. Salamander Indus. Products, Inc. (Apr. 16, 1999), 1st Dist. Nos. C-970811, C-970843, and C-970879, 1999 Ohio App. LEXIS 1667." Keal v. Day, 164 Ohio App.3d 21, 2005-Ohio-5551, at ¶ 5. (Parallel citations omitted.) *Page 4 
 {¶ 9} In this case, the parties' agreement obviously allowed for the shifting of expenses and attorney fees.[2]
 {¶ 10} "When an award of attorney fees is not authorized by statute or by contract, the award is a matter of the trial court's sound discretion. See Pasco v. State Auto Mut. Ins. Co., 10th Dist. No. 04AP-696, 2005-Ohio-2387, at ¶ 9. The interpretation of a written contract, however, is a question of law. See Alexander v. Buckeye PipeLine Co. (1977), 49 Ohio St.2d 158 * * *, paragraph one of the syllabus. Therefore, in this case, the trial court's interpretation * * * [of the contract] is subject to de novo review. See Long Beach Assn., Inc. v.Jones, 82 Ohio St.3d 574, 576 * * *, citing Ohio Bell Tel. Co. v. Pub.Util. Comm. (1992), 64 Ohio St.3d 145, 147 * * *. Absent ambiguity in the language of the contract, the parties' intent must be determined from the plain language of the document. See Hybud Equip. Co. v. SphereDrake (1992), 64 Ohio St.3d 657, 665 * * *." Keal at ¶ 7. (Parallel citations omitted.)
 {¶ 11} Consequently, we review the trial court's decision in this case de novo, by looking to Paragraph 16(k) of the subject agreement. We agree with the trial court that the controlling issue when interpreting that paragraph is what constitutes a "substantially prevailing party"? In answer to this question, Northeast submits to us opinions from various other jurisdictions, federal and state, generally relating to the interpretation of attorney fee-shifting clauses under contracts subject to federal or states statutes. We think we need not go so far afield. *Page 5 
 {¶ 12} First, we note the trial court's May 23, 2006 judgment on the verdict. The trial court awarded J.B.H. its "costs of action." Civ.R. 54(D), governing the award of costs in civil actions, provides: "[e]xcept when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." (Emphasis added.) Like the Keal court, we recognize that an award of costs is not the same as an award of attorney fees under a contractual fee-shifting provision. Keal at ¶ 11. However, both Civ.R. 54(D) and Paragraph 16(k) of the subject agreement use the term "prevailing party." Inter alia, the trial court determined in its May 23 judgment entering the verdict, that J.B.H. was the prevailing party in this action.
 {¶ 13} In Woyma v. Johnson (Oct. 7, 1994), 11th Dist. No. 94-L-004, 1994 Ohio App. Lexis 4583, this court considered an award of costs pursuant to Civ.R. 54(D). In reversing a denial of costs pursuant to Civ.R. 54(D) to appellant, we adopted the definition of "prevailing party" set forth in Black's Law Dictionary (6 Ed. 1990) 1188:
 {¶ 14} "The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, eventhough not necessarily to the extent of his original contention. The onein whose favor the decision or verdict is rendered and judgment entered.Jordan v. Elizabethan Manor, 181 Mont. 424, 593 P.2d 1049, 1055. This may be the party prevailing in interest, and not necessarily the prevailing person. To be such does not depend upon the degree of successat different stages of the suit, but whether, at the end of the suit, orother proceeding, the party who has made a claim against the other, hassuccessfully maintained it. *Page 6 
 {¶ 15} "`As used in Federal Civil Procedure Rule 54(d), which provides that costs shall be allowed as of course (sic) to prevailing party unless court otherwise directs, "prevailing party" means a party who has obtained some relief in an action, even if that party has not sustained all of his or her claims. First Commodity Traders, Inc. v. HeinoldCommodities, Inc. C.A. Ill. 766 F.2d 1007, 1015.' (Emphasis added.)"Woyma at 4-5.
 {¶ 16} In Woyma, we reversed the trial court's denial of Civ.R. 54(D) costs to appellant, since she had obtained some relief in her action, though not as much as the final offer of settlement made by defendant.Woyma at 3-5. We held that, in the context of court costs, settlement offers could not be considered when defining whether a party had prevailed. Id. at 4. Consequently, we cannot fully agree with the learned trial court's reasoning in this case.
 {¶ 17} Further, characterizing "prevailing party" as a legal term of art, the United States Supreme Court has stated that it means "`(a) party in whose favor a judgment is rendered, regardless of the amount of damages awarded * * *.'" Buckhannon Board and Care Home, Inc. v. WestVirginia Dept. of Health and Human Resources (2001), 532 U.S. 598, 603. (Citation omitted.) The Supreme Court further held that "`respect for ordinary language requires that a plaintiff receive at least somerelief on the merits of his claim before he can be said to prevail.'" Id. (Citation omitted.) (Emphasis added.) "[A]n award of nominal damages suffices under this test." Id. at 604. (Citation omitted.)
 {¶ 18} Here, J.B.H. received some relief on the merits of its claims against appellant, by being awarded $10,000 for breach of contract. Under Buckhannon, or Woyma, it was the "prevailing party." *Page 7 
 {¶ 19} Northeast cites to the case of Marine Ent., Inc. v. SecurityPacific Trading Corp. (Wa.App. 1988), 750 P.2d 1290, in support of its proposition that "a defendant who is successful in defending itself against claims can be declared the substantially prevailing party,even if damages are awarded against it." (Emphasis sic.) This is too simplistic a reading of that case.
 {¶ 20} Marine Enterprises is easily distinguishable from the case at bar. In Marine Enterprises, both plaintiff and defendant met theBuckhannon definition of a "prevailing party," since each had been awarded judgment and damages on some part of their respective claims. In this case, J.B.H. was the sole "prevailing party," regardless of the disposition of its other claims, since Northeast neither filed, nor prevailed on, any claim against J.B.H.
 {¶ 21} The enforceable judgment on J.B.H.'s breach of contract claim is what "create[d] the `material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees."Buckhannon at 604; Coey v. Dave Gill Pontiac-GMC, Inc., 10th Dist. No. 04AP-432, 2005-Ohio-464, at ¶ 16. (Citations omitted.) (Emphasis added.) J.B.H., as the sole prevailing party, did not seek to recover attorney fees. Thus, the issue of whether it would be a "substantially" prevailing party, under the terms of the fee-shifting agreement, need not be reached.
 {¶ 22} Thus, while we cannot endorse fully the trial court's reasoning, the same result obtains: J.B.H. is the prevailing party, substantially or otherwise. The sole assignment of error is without merit. *Page 8 
 {¶ 23} The judgment of the Lake County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, J., concurs,
MARY JANE TRAPP, J., concurs in judgment only with Concurring Opinion.
[1] Northeast contends J.B.H. sought between $166,031 to $264,763 in 2004 dollars as damages.
[2] We note that Paragraph 16(k) specifically addresses "expenses, including reasonable attorneys' fees," and not costs. Costs are a limited and technical category at Ohio law, and their award is constrained by numerous decisions, statute, and rule. See, e.g.,Hagemeyer v. Sadowski (1993), 86 Ohio App.3d 563, 567 (collecting cases); see, also, Civ.R. 54(D) and 68.