{¶ 24} While I agree with the conclusion reached by the majority, I must respectfully separately concur in judgment only for the following reasons.
 {¶ 25} In determining which party to a lawsuit bears the cost of attorney fees, we are mindful that Ohio adheres to the American rule. Under the American rule, ordinarily each litigant to a lawsuit must bear its own legal fees unless one of the narrowly carved exceptions apply. See King v. Hazen, 11th Dist. No. 2005-A-0031, 2006-Ohio-4823, at ¶ 76;Krasny-Kaplan Corp. v. Flo-Tork, Inc. (1993), 66 Ohio St.3d 75, 77;Sorin v. Bd. of Edn. (1976), 46 Ohio St. 2d 177, 179. As the majority points out, because the contract provides for fee-shifting, which is a noted exception to the American rule, it is necessary to look at the language of the contractual provision to see if this exception overrides the general rule regarding the payment of attorney fees.
 {¶ 26} Paragraph 16(k) provides in pertinent part that "thesubstantially prevailing party shall be entitled to recover its expenses, including reasonable attorneys' fees, in connection with the litigation or proceeding, including appeals * * *." (Emphasis added.) *Page 9 
The majority, while reaching the correct conclusion that JBH is the prevailing party, went beyond what I believe was necessary to reach this conclusion.
 {¶ 27} The ultimate issue in this appeal revolves around which party has prevailed in the underlying lawsuit. In layman terms, the issue is who has won? In this case, the answer is simple. The jury returned a verdict in JBH's favor. Therefore, JBH is the prevailing party. Northeast, as the loser, cannot claim that it is the prevailing party simply because the jury award was less than what JBH sought.
 {¶ 28} Despite the fact that this case presents a very straightforward issue with clear facts, the majority, in its attempt to define who is a prevailing party, has, in my opinion, clouded the issue by relying on factually distinguishable and much more complicated decisions than the case at hand.
 {¶ 29} Because Northeast is in no way, shape, or form the prevailing party, this should be the end of the analysis. There is simply no need to determine, in a case such as this, whether the losing party is thesubstantially prevailing party. Nor do I believe it is appropriate or necessary to analyze this particular case under the rationale of theKeal v. Day, 164 Ohio App.3d 21, 2005-Ohio-5551 decision or by employing other Civ.R. 54(D) cases.
 {¶ 30} I recognize that in certain situations, that inquiry would be relevant. For instance, if the defendant successfully asserts a counterclaim against the plaintiff, then it may be necessary to compare the amount of recovery the defendant receives versus that of the plaintiff to decide which party is the substantially prevailing party. But, where, as here, Northeast received no monetary damages in its favor, and did not successfully defend a claim, Northeast cannot be deemed the prevailing party. *Page 10 
 {¶ 31} In this respect, I believe it is important to reiterate that while we are affirming the trial court, I disagree with the court's rationale and analysis. According to the trial court, in determining whether a party should be deemed a substantially prevailing party, the court held that there must be a comparison between the settlement offer sought with the amount of the verdict the party received. However, as previously noted, this rationale is contrary to our holding in Lehto v.Sankey, 11th Dist. No. 99-T-0137, 2001 Ohio App. LEXIS 2959, 21, which finds it is inappropriate to take into consideration a settlement offer.
 {¶ 32} I also believe the trial court's reliance on the New MarketAcquisitions, Ltd. v. Powerhouse Gym (S.D. Ohio, 2001),154 F. Supp.2d 1213 decision was misplaced since that case involved a statutory enforcement of commitment to pay attorney fees pursuant to R.C. 1301.21. Because the right to attorney fees was conferred by statute, a notable exception to the American rule, the New Market decision lends little precedential value or support to the instant case.
 {¶ 33} For the foregoing reasons, because the jury returned a verdict in JBH's favor, JBH must be deemed the prevailing party regardless of the amount of damages it sought.
 {¶ 34} I respectfully concur in judgment only. *Page 1