DECISION. *Page 2 
{¶ 1} Following a bench trial, defendant-appellant Mark Fleming appeals from the trial court's entry of judgment for plaintiff-appellee Randy Wright on Wright's breach-of-contract claim and its award of attorney fees to Wright.
 {¶ 2} In April 1998, Wright and Fleming executed a written contract for Wright to provide website design and related services for Fleming's enterprises, which provided home-improvement advice. Over a six-year period, Wright had created over 5,000 web files for Fleming and had received prompt payment under the contract. In 2005, however, Fleming stopped making payments to Wright. Wright brought this suit seeking damages for breach of contract and attorney fees.
 {¶ 3} After hearing Wright's and Fleming's individual testimony and reviewing the documentary evidence, including the 1998 contract, the trial court found that Fleming owed Wright $4,917.90 plus interest and court costs for "services rendered for setting up web sites as well as work related to upkeep on web sites ordered on [Fleming's] behalf." The court also awarded Wright $1,600 in attorney fees.
 {¶ 4} Fleming's first assignment of error, in which he asserts that he signed the contract as an agent of Blue Chip Builders and thus was not personally responsible for payment under the contract, is overruled on the authority of this court's 2006 decisions in Vulcan Corp. v.Freeland[1] and The Big H, Inc. v. Watson.[2] Relying upon long-standing precedent in Ohio, we held that "[a] corporate officer is responsible for clearly identifying the corporation for which the officer is signing." An officer who fails to do so "is exposed to individual liability * * * regardless of his or her intent."[3] Since Fleming signed the *Page 3 
contract in his own name, without any qualification, and without clearly identifying the corporation for which he claimed to be signing, the trial court's judgment in this case was supported by competent, credible evidence and will not be disturbed on appeal.[4]
 {¶ 5} In his second assignment of error, Fleming asserts that the trial court erred in awarding Wright attorney fees. "Ohio has adopted the `American Rule' in which each party to a lawsuit must pay his or her own attorney fees."[5] Accordingly, attorney fees generally are not recoverable in a contract action, unless the parties have contracted to shift the fees, or the trial court has made a finding of bad-faith conduct.[6] Here, the trial court made no finding that Fleming had acted in bad faith, and the contract made no provision for fee shifting. Neither party has identified any basis in the record to support the trial court's award of attorney fees or its computation of the amount of fees.[7] The second assignment of error is sustained.
 {¶ 6} Therefore, that part of the trial court's entry awarding $1,600 in attorney fees to Wright is reversed. The trial court's judgment is affirmed in all other respects, including its finding in favor of Wright on his breach-of-contract claim and its award of $4,917.90 plus interest and court costs to Wright.
Judgment affirmed in part and reversed in part.
HILDEBRANDT, P.J., SUNDERMANN and CUNNINGHAM, JJ.
[1] 1st Dist. No. C-050637, 2006-Ohio-4033.
[2] 1st Dist. No. C-050424, 2006-Ohio-4031.
[3] Vulcan Corp. at ¶ 10-11.
[4] See Myers v. Garson, 66 Ohio St.3d 610, 1993-Ohio-9,614 N.E.2d 742; C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus; see, also, Stand Energy Corp. v. CinergyServ. (2001), 144 Ohio App.3d 410, 417, 760 N.E.2d 453.
[5] Keal v. Day, 164 Ohio App.3d 21, 2005-Ohio-5551, 840 N.E.2d 1139, at ¶ 5, citing Sorin v. Warrensville Hts. School Dist. Bd. of Edn.
(1976), 46 Ohio St.2d 177, 179, 347 N.E.2d 527.
[6] See Pasco v. State Auto. Mut. Ins. Co., 10th Dist. No. 04AP-696,2005-Ohio-2387, at ¶ 8-9; see, also, First Bank of Marietta v. L.C.Ltd. (Dec. 28, 1999), 10th Dist. No. 99AP-304; Walton CommercialEnterprises v. Associations, Conventions, Tradeshows Inc. (1990),71 Ohio App.3d 109, 115, 593 N.E.2d 64, citing Allen v. Standard OilCo. (1982), 2 Ohio St. 3d 122, 443 N.E.2d 497 .
[7] See App.R. 12(A)(2) (an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16[A]"). *Page 1