[Cite as *Ashtabula Cty. Airport Auth. v. Rich*, 2014-Ohio-4288.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


| | | |
|---|---|---|
| ASHTABULA COUNTY AIRPORT AUTHORITY, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellant, | : | **CASE NO. 2013-A-0069** |
| | : | |
| - vs - | : | |
| | : | |
| JOSEPH A. RICH a.k.a. JOE RICH, | : | |
| | : | |
| Defendant-Appellee. | | |


Civil Appeal from the Ashtabula County Court, Eastern Division.
Case No. 2013 CVG 335.

Judgment: Affirmed.


*David E. Pontius* and *Jason L. Fairchild*, Andrews & Pontius, L.L.C., 4817 State Road, Suite 100, P.O. Box 10, Ashtabula, OH 44005-0010 (For Plaintiff-Appellant).

*David A. McGee*, Svete & McGee Co., L.P.A., 100 Parker Court, Chardon, OH 44024-1141 (For Defendant-Appellee).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Ashtabula County Airport Authority, appeals the November 25, 2013 judgment entry of the Ashtabula County Court, Eastern Division, granting appellee, Joseph A. Rich's, motion to dismiss.

{¶2} Appellee was a longtime tenant, renting hangar space, at appellant's airport located in Denmark Township, Ohio. The most recent lease between the parties was entered into on December 28, 2012. The lease required that appellee's use of the

hangar space "[s]hall be in accordance with and comply with all present and future * * * **policies and procedures of the Ashtabula County Airport Authority, and the Ashtabula County Airport Rules and Regulations**." (Emphasis sic.)

{¶3} Appellee alleges that appellant instituted a new policy requiring each tenant to have a separate electrical meter. This change allegedly resulted in appellee having to pay increased electrical bills. As a result, appellee turned off electrical service to his hangar and began using a portable generator to open and close the hangar doors.

{¶4} On August 13, 2013, appellant, through counsel, sent a certified letter to appellee providing notice that his lease was being terminated. The letter stated:

> As you are well aware, you are in violation of the Ashtabula County Airport Rules and Regulations and the terms of your lease agreement by reason of your discontinuation of electric power to your hangar, modification to the interior areas of the hangar and/or the hangar equipment, and the use of a portable generator without permission of the Board of Trustees. The Authority considers this to be a significant safety issue and one which it takes very seriously.

{¶5} Appellant's letter terminated appellee's tenancy as of September 30, 2013. Appellee did not comply with appellant's termination letter, and on October 4, 2013, appellant sent a Notice to Leave Premises to appellee. The notice directed appellee to leave the airport premises. Specifically, the notice stated:

> YOU ARE BEING ASKED TO LEAVE THE PREMISES. IF YOU DO NOT LEAVE AN EVICTION ACTION MAY BE INITIATED AGAINST YOU. IF YOU ARE IN DOUBT REGARDING YOUR LEGAL RIGHTS AND OBLIGATIONS AS A TENANT, IT IS RECOMMENDED THAT YOU SEEK LEGAL ASSISTANCE.

{¶6} On October 7, 2013, appellee filed an eight-count complaint in the Ashtabula County Court of Common Pleas against appellant ("Common Pleas case"), asserting claims for breach of contract; discriminatory and unreasonable conduct;

breach of good faith; declaratory judgment; breach of fiduciary duty and public trust; interference with contract; fraud; and violations of his constitutional rights.

{¶7} Notwithstanding the pending Common Pleas case, on October 25, 2013, appellant filed a two-count complaint in the Ashtabula County Court, Eastern Division ("Eastern Division case"), against appellee, asserting claims for forcible entry and detainer and rent owed by appellee.

{¶8} On October 30, 2013, appellee filed a "Motion to Dismiss; and/or to Remove or Consolidate Instant Case to Ashtabula Common Pleas Court." The basis of appellee's motion was that the Common Pleas already acquired jurisdiction over the issues and parties, and therefore, the Eastern Division was without jurisdiction to hear the forcible entry and detainer action.

{¶9} On October 31, 2013, appellant filed a notice of removal, removing the Common Pleas case to the United States District Court for the Northern District of Ohio.[1]

{¶10} On November 21, 2013, appellant filed a brief in opposition to appellee's motion to dismiss and/or consolidate. Appellant's brief in opposition argued that as a result of the removal of the Common Pleas case to federal court, "there are several scenarios in which a set of facts would result in [the Eastern Division] having jurisdiction over this case." For example, appellant argued that the U.S. District Court may refuse

---

1. On August 19, 2014, Judge Lesley Wells granted appellant's motion for judgment on the pleadings with respect to appellee's First Amendment retaliation claim. *Rich v. Ashtabula Cty. Airport Auth.*, N.D.Ohio No. 1:13 CV 02419, 2014 U.S. Dist. LEXIS 115776. The district court dismissed appellee's First Amendment retaliation claim because "the act of running a generator is simply what it is: running a generator. This places it in the category of non-protected conduct * * *." *Id.* at *9-10. Judge Wells then remanded appellee's remaining state law claims to the Ashtabula County Court of Common Pleas. *Id.* at *12.

3

to exercise supplemental jurisdiction of the claims in the Eastern Division case or that the U.S. District Court may dismiss all the claims without prejudice.

{¶11} On November 25, 2013, the Eastern Division granted appellee's motion to dismiss the forcible entry and detainer action. In granting appellee's motion, the Eastern Division stated that "[s]ince [the Common Pleas and] Judge Mackey first acquired jurisdiction, this court cannot now entertain the complaint for [forcible entry and detainer]."

{¶12} Appellant timely appeals the Eastern Division's November 25, 2013 judgment entry dismissing the Eastern Division case.[2] Appellant sets forth a single assignment of error, arguing that the Eastern Division erred in granting appellee's motion to dismiss:

{¶13} "The trial court erred when it dismissed appellant's forcible entry and detainer action due to a lack of jurisdiction on the basis that appellant's forcible entry and detainer action was a compulsory counterclaim."

{¶14} This court reviews a trial court's determination on whether the court has jurisdiction under a de novo standard of review, without any deference to the conclusion reached below. *Burns v. Daily*, 114 Ohio App.3d 693, 701 (11th Dist.1996).

{¶15} At common law in Ohio, as well as under the Ohio Rules of Civil Procedure, there is a well-established principle that an action may be dismissed on the ground that a prior action is pending between the same parties and upon the same issues. *See Merrill v. Lake*, 16 Ohio 374, 406-407 (1847). For this reason, as between

---

2. Before filing this appeal, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) on December 4, 2013. Appellee filed a brief in opposition on December 16, 2013. The same day, appellant filed a reply to appellee's brief in opposition. Through a January 6, 2014 judgment entry, the Eastern Division stated that it would not rule on appellant's Civ.R. 60(B) motion because a notice of appeal to this court of the November 25, 2013 judgment entry was filed on December 23, 2013.

courts having concurrent jurisdiction, the court first acquiring jurisdiction acquires the right to adjudicate upon the whole issue and settle the rights of the parties to the exclusion of all other tribunals. *Lagoons Point Land Co. v. Grendell*, 11th Dist. Lake No. 2001-L-043, 2002-Ohio-3372, ¶24. *Accord Miller v. Court of Common Pleas of Cuyahoga Cty.*, 143 Ohio St. 68, 70 (1944).

**{¶16}** R.C. 1923.01(A) provides:

> As provided in this chapter, any judge of a county or municipal court or a court of common pleas, within the judge's proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands or tenements and detain them, and about persons who make a lawful and peaceable entry into lands or tenements and hold them unlawfully and by force.

Therefore, it is clear that both the Common Pleas and the Eastern Division have concurrent jurisdiction to hear and decide forcible entry and detainer actions.

**{¶17}** Appellee filed the Common Pleas case against appellant on October 7, 2013. Then on October 25, 2013, appellant filed the Eastern Division case against appellee. As the Common Pleas case was already pending, the Eastern Division was without jurisdiction, pursuant to the "fundamental rule that, as between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue." *Barnett v. Baltimore & Ohio RR. Co.*, 119 Ohio App. 329, 344 (6th Dist.1963).

**{¶18}** Appellant argues that the Eastern Division maintained jurisdiction because appellant was statutorily precluded from filing its forcible entry and detainer action as a counterclaim to the Common Pleas case. To support this argument, appellant directs this court to R.C. 1923.05, which states:

5

The summons shall not issue in an action under this chapter until the plaintiff files his complaint in writing with the court. The complaint shall particularly describe the premises so entered upon and detained, and set forth either an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peaceable or lawful entry of the described premises. * * *.

{¶19} Relying on the language of R.C. 1923.05, appellant argues that a forcible entry and detainer can only be initiated by appellant as the plaintiff, thereby precluding a counterclaim for forcible entry and detainer. We disagree. Case law exists that recognizes the propriety of asserting a counterclaim seeking forcible entry and detainer in a common pleas case. *See Four Star Serv., Inc. v. Akron*, 9th Dist. Summit No. 19124, 1999 Ohio App. LEXIS 5004 (Oct. 27, 1999); *Keal v. Day*, 164 Ohio App.3d 21, 2005-Ohio-5551 (1st Dist.).

{¶20} Appellant also argues that Civ.R. 13(A), which governs compulsory counterclaims, does not apply to the facts at hand because of the language of Civ.R. 1(C), which states, "to the extent that they would by their nature be clearly inapplicable, [Ohio Rules of Civil Procedure] shall not apply to procedure * * * (3) in forcible entry and detainer * * *." Civ.R. 13(A) states:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

{¶21} Appellant fails to establish how Civ.R. 13(A) is clearly inapplicable to the forcible entry and detainer action. Indeed, the Ohio Supreme Court has held that Civ.R. 13(A) is not "clearly inapplicable" in a forcible entry and detainer action. *Jemo Assoc., Inc. v. Garmin*, 70 Ohio St.2d 267, 270 (1982).

6

{¶22} In addition, although the Eastern Division alluded to the forcible entry action as a compulsory counterclaim, it is really a question of jurisdiction. The concepts are separate and distinct. Whether the civil rules require this to be filed as a compulsory counterclaim is not relevant to whether one court has *jurisdiction* to the exclusion of others. It has long been established in Ohio that the jurisdictional priority rule requires the court of concurrent jurisdiction that first exercises jurisdiction to retain *exclusive* jurisdiction. *See, e.g.*, *Trustees of Cincinnati S. Ry. v. O'Meara*, 2d Dist. Hamilton, 1877 Ohio Misc. LEXIS 126, *4 (Apr. 1877); *see also Langaa v. Pauer*, 11th Dist. Geauga No. 2001-G-2405, 2002-Ohio-5603, ¶9. Exclusive jurisdiction means that a court of concurrent jurisdiction may not interfere with the proceedings of the court that first exercises jurisdiction. *John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga Cty.*, 150 Ohio St. 349 (1948), paragraph three of the syllabus.

{¶23} This court has previously held that the jurisdictional priority rule deprives a court of concurrent jurisdiction from having any subject matter jurisdiction in disputes involving the same parties where the "whole issue" is within the exclusive jurisdiction of a court of concurrent jurisdiction whose power is first invoked. *Lagoons Point Land Co.*, *supra*, at ¶25-26. In *Lagoons Point*, we affirmed the Lake County Court of Common Pleas' decision dismissing the plaintiff's claim for lack of subject matter jurisdiction, because even though both the Lake County Court of Common Pleas and the Cuyahoga County Court of Common Pleas had concurrent jurisdiction, the Cuyahoga court acquired jurisdiction first. *Id.* at ¶25.

{¶24} In this case, we do not necessarily agree that the Eastern Division lacked subject matter jurisdiction to hear the forcible entry and detainer action. Indeed, the Eastern Division possesses the general authority to entertain forcible entry and detainer

actions pursuant to R.C. 1923.01(A). Therefore, it is not consistent to suggest it did not have *subject matter* jurisdiction. However, the parties have not briefed the specific type of jurisdiction is at issue, and it is not necessary to address it to resolve this case.

{¶25} The Eastern Division was precluded from exercising jurisdiction in this case because the Common Pleas exercised jurisdiction first. Thus, while both the Common Pleas and the Eastern Division had subject matter jurisdiction, under the jurisdictional priority rule, the Common Pleas' *exclusive* authority to adjudicate the claims in this case vested on October 7, 2013; as of that date, the Eastern Division was without authority to hear appellant's complaint. Permitting the Eastern Division to proceed independently on an issue upon which the Common Pleas had already exercised jurisdiction could lead to "confusion, conflict, and collision." *Tortorich v. Tortorich*, 324 Ark. 128, 132 (1996).

{¶26} After independently reviewing the record, we find that the Eastern Division properly dismissed appellant's complaint based on the jurisdictional priority rule. The Eastern Division properly concluded that the Common Pleas acquired jurisdiction first, thereby excluding the Eastern Division from adjudicating the forcible entry complaint.

{¶27} Accordingly, appellant's sole assignment of error is overruled. The judgment of the Ashtabula County Court, Eastern Division, is affirmed for the reasons stated above.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.


8