[Cite as *Al-Zubi v. Cosmetic & Implant Dental Ctr. of Cincinnati, Inc.*, 2020-Ohio-3272.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ABDALLAH AL-ZUBI, D.D.S., | : | APPEAL NO. C-190406 |
| | | TRIAL NO. A-1205318 |
| MAI AZZAM, D.D.S., | : | |
| | | *O P I N I O N.* |
| and | : | |
| | | |
| ONE STOP DENTAL AND DENTURE, INC., | : | |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | |
| vs. | : | |
| | : | |
| COSMETIC AND IMPLANT DENTAL CENTER OF CINCINNATI, INC., | : | |
| | : | |
| and | : | |
| | | |
| JACK A. HAHN, | : | |
| | | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 10, 2020

*Jacobs, Kleinman, Seibel & McNally, LPA*, and *Mark J. Byrne*, for Plaintiffs-Appellants,

*Paul Croushore*, for Defendants-Appellees.

**MOCK, Presiding Judge.**

{¶1} Plaintiffs-appellants Abdallah Al-Zubi, D.D.S., Mai Azzam, D.D.S., and One Stop Dental and Denture, Inc., (collectively, "One Stop") appeal the trial court's judgment denying their motion to enforce the settlement agreement entered into with defendants-appellees Cosmetic and Dental Implant Center of Cincinnati, Inc., and Jack A. Hahn, D.D.S., (collectively, "Dr. Hahn"). For the following reasons, we affirm.

{¶2} In February 2012, One Stop purchased Dr. Hahn's dental practice for approximately $600,000. The Asset Purchase Agreement ("the APA") recognized that Dr. Hahn had received payments from dental patients for services that had not yet been performed. Accordingly, the APA required Dr. Hahn to turn over those prepaid fees to One Stop on the date One Stop took possession of the practice.

{¶3} In June 2012, One Stop sued Dr. Hahn alleging, among other things, that Dr. Hahn had failed to turn over all of the prepaid fees on the date of possession. Following mediation, the parties entered into a settlement agreement on August 28, 2012, which required, among other things, Dr. Hahn to pay One Stop $455,000 and included the following clause ("Section 6"):

> 6. <u>Prepaid Patients.</u> There exist patients who previously prepaid monies to [Dr. Hahn] for services that have not yet been performed. These patients are referred to as "prepaid patients." In the event a prepaid patient seeks Dr. Hahn's services for purposes of having Dr. Hahn complete the treatment for which the patient paid, then Dr. Hahn may treat this patient. If the prepaid patient asks for his/her money returned for the uncompleted treatment, then Dr. Hahn will immediately return that money to the patient. Finally, if a prepaid

2

patient wishes to be treated by [One Stop] in order to complete the scheduled treatment for which payment was made, then [One Stop] may complete the treatment and [Dr. Hahn] agree[s] to pay [One Stop] for the charges incurred as a result of the treatment rendered by [One Stop] on the prepaid patient not to exceed the balance or unused portion of the prepayment the patient paid to Dr. Hahn. Payment shall be made within 30 days after the bill for the charges incurred by [One Stop] is forwarded to [Dr. Hahn].

{¶4} In 2014, One Stop moved to enforce the settlement agreement arguing that Dr. Hahn had failed to pay One Stop for dental services it had performed for prepaid patients. One Stop maintains that Section 6 applies to prepaid patients who had dental work performed by One Stop prior to the effective date of the settlement agreement, which was August 28, 2012. But Dr. Hahn disagrees, and argues Section 6 only applies to prepaid patients who have dental work performed by One Stop following August 28, 2012.

{¶5} Originally, this case was before a different trial judge, who had placed of record an entry granting One Stop's motion to enforce, and had set a hearing date for argument on the issue of attorney's fees. Before that hearing took place, however, that trial judge was replaced with another following the November 2018 judicial election. Thereafter, Dr. Hahn filed a motion to reconsider the previous decision granting One Stop's motion to enforce. Following a hearing on the matter, the trial court entered a final judgment granting Dr. Hahn's motion to reconsider and denying One Stop's motion to enforce the settlement agreement and its request for attorney's fees. This appeal followed.

3

{¶6}    In its first assignment of error, One Stop contends the trial court erred to its prejudice by granting Dr. Hahn's motion for reconsideration and denying One Stop's motion to enforce the settlement agreement.  Under this assignment, the issue is whether Section 6 of the agreement applies to prepaid patients who had work performed by One Stop prior to August 28, 2012.

{¶7}    "If a trial court chooses to reconsider its prior decision, * * * an appellate court must apply the standard of review applicable to the merits of the motion being reconsidered." *Link v. Wayne Ins. Group*, 3d Dist. Allen No. 1-18-13, 2018-Ohio-3529, ¶ 12, quoting *Klocinski v. Am. States Ins. Co.*, 6th Dist. Lucas No. L-03153, 2004-Ohio-6657, ¶ 12.  The standard of review applied when reviewing a ruling on a motion to enforce a settlement agreement depends on the question presented.  If the question is a factual or evidentiary one, the appellate court will not overturn the trial court's finding if there was sufficient evidence to support the finding.  *Turoczy Bonding Co. v. Mitchell*, 2018-Ohio-3173, 118 N.E.3d 439, ¶ 15 (8th Dist.).  If the issue is a question of contract law, the reviewing court must determine whether the trial court's order is based on an erroneous standard or a misconstruction of law. *Id.* at ¶ 15; *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996).

{¶8}    Here, the trial court reviewed Section 6 of the settlement agreement and determined, as a matter of law, that it did not apply to prepaid patients who had dental work performed by One Stop prior to the effective date of the settlement agreement, and denied One Stop's motion to enforce the settlement agreement.  Thus, this court must determine whether the trial court's judgment denying the motion to enforce is based on an erroneous standard or misconstruction of law.

{¶9} Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. Only when the language of a contract is unclear or ambiguous will extrinsic evidence be considered in an effort to give effect to the parties' intention. When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. (Citations omitted.) *Shifrin v. Forest City Ents., Inc.*, 64 Ohio St.3d 635, 597 N.E.2d 499 (1992).

{¶10} The first sentence of Section 6 states: "There <u>exist</u> patients who previously prepaid monies to the Defendants for services that <u>have</u> not yet been performed." The parties use the present tense when they employ the words "exist" and "have." The words in the sentence are not ambiguous and must be given their common and ordinary meanings. Because the present tense is used, there can only be one reasonable interpretation of this sentence: that it is referring to current existing patients who had prepaid for services but have not presently had those services performed as of the date the settlement agreement was executed on August 28, 2012.

{¶11} One Stop argues that Section 6 is a carve-out of Section 10.C of the APA. One Stop insists that because the APA was executed on February 28, 2012, and because Section 10.C required Dr. Hahn to turn over all prepaid fees on that date, Section 6 is clearly referring to prepaid patients from February 28, 2012, and forward. But Section 6 does not refer to Section 10.C of the APA. Moreover, even if it did, the words employed by the parties still are in the present tense and thus at best are a modification of Section 10.C, not an explanation.

{¶12} Because the trial court's decision is not premised on an erroneous standard or misconstruction of law, we hold that the trial court did not err by

granting Dr. Hahn's motion to reconsider and denying One Stop's motion to enforce the settlement agreement. The first assignment of error is overruled.

{¶13} In its second assignment of error, One Stop maintains the trial court erred by denying it reasonable attorney's fees in the amount of $50,520.

{¶14} When an award of attorney's fees is authorized by contract, the award is subject to de novo review. *Keal v. Day*, 164 Ohio App.3d 21, 2005-Ohio-5551, 840 N.E.2d 1139, ¶ 7 (1st Dist.). Here, the settlement agreement allows for an award of attorney's fees to the prevailing party.

{¶15} A prevailing party is the party who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his or her original contention. *Wigglesworth v. St. Joseph Riverside Hosp.*, 143 Ohio App.3d 143, 757 N.E.2d 810 (11th Dist.2001). Here, One Stop did not successfully prevail on the main issue, which was whether Section 6 of the settlement agreement applied to prepaid patients who had had dental services performed by One Stop prior to August 28, 2012. Therefore, it was not error for the trial court to deny One's Stop's motion for attorney's fees.

{¶16} The second assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS** and **MYERS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.