[Cite as *Gauthier v. Gauthier*, 2022-Ohio-541.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FORREST P. GAUTHIER, | : | APPEAL NO. C-210239 |
| | | TRIAL NO. A-1303244 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| SU KANG GAUTHIER, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| ROBERT A. KLINGLER, | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: February 25, 2022

*Thomas E. Grossmann*, for Plaintiff-Appellant,

*Robert A. Klingler Co., L.P.A.*, and *Robert A. Klingler*, for Defendant-Appellee.

**MYERS, Presiding Judge.**

{¶1}   Plaintiff-appellant Forrest P. Gauthier appeals the trial court's judgment awarding his former spouse, defendant-appellee Su Kang Gauthier, approximately $94,000 in attorney fees and costs, pursuant to the parties' contract, upon its determination that Su was the prevailing party in Forrest's action to enforce an addendum agreement executed by the parties.  We affirm the trial court's determination that Su was the prevailing party, but we reverse the trial court's award of attorney fees and costs.  We remand this matter to the trial court to determine the amount of fees and costs to which Su is entitled and to issue an award accordingly, after allowing Forrest to cross-examine Su's counsel, defendant Robert A. Klingler, as to the reasonableness of his fees and costs.

*Factual and Procedural Background*

{¶2}   This is the third time this case has come before this court.  The parties have been involved in unending litigation since their divorce was finalized in 2009.  The current appeal arises out of litigation that the Gauthiers have been involved in for nearly nine years.

{¶3}   Forrest and Su's 2009 divorce decree incorporated a "Full Text Separation Agreement," which included a personal-property agreement dividing the parties' personal property.  In 2010, the parties entered into an addendum agreement to resolve disputes that had arisen regarding division of their assets.  The addendum agreement governed the disposition of an IRS refund check and, separately, required Forrest's payment to Su of a lump sum, a portion of which was characterized as alimony for tax purposes.

{¶4}   In 2013, Forrest filed this action against Su and her counsel, defendant Robert A. Klingler.  Forrest alleged that Su had converted property that he was entitled to under the personal-property agreement that had been incorporated into

the divorce decree, and that she had breached the agreement by not complying with its terms regarding the return of his property.

{¶5} Forrest further alleged that Su had breached the parties' addendum agreement by negotiating an IRS refund check in contravention of the terms of the agreement, and that she had converted the proceeds of the refund check. As to Klingler, Forrest alleged that he had breached an agreement concerning Su's negotiation of the IRS refund check and that, as a result, Klingler had converted Forrest's refund proceeds.

{¶6} In addition, Forrest alleged that Su breached the addendum agreement by failing to report a portion of the lump-sum payment from Forrest as alimony on her tax return. Forrest alleged that Su's failure to report the money as alimony caused the IRS to audit him, resulting in damages.

{¶7} The trial court granted summary judgment to Su and Klingler on all claims. Forrest appealed, and in *Gauthier I*, this court affirmed the trial court's grant of summary judgment. *See Gauthier v. Gauthier*, 1st Dist. Hamilton No. C-150037 (Oct. 21, 2016) ("*Gauthier I*"). We held that Forrest's claims against Su that related to the personal-property agreement were barred by claim preclusion and the jurisdictional-priority rule, because they arose out of the same transaction or occurrence that was the subject matter of a previously filed contempt action in Warren County.

{¶8} In addition, we upheld the trial court's entry of summary judgment in favor of Su and Klingler on the remaining conversion and breach-of-contract claims, including those relating to the IRS and tax issues. We held that after viewing the evidence in the light most favorable to Forrest, reasonable minds could only conclude that Su had not materially breached the addendum agreement, that she had not converted Forrest's portion of the tax refund, and that she had not proximately caused any damages. In addition, we held that if any enforceable agreement existed

3

between Forrest and Klingler concerning the negotiation of the tax refund, reasonable minds could only conclude that Klingler had not materially breached it, that he had not converted Forrest's proceeds, and that he had not proximately caused any damages.

{¶9} After this court's affirmance of the trial court's grant of summary judgment, Su and Klingler filed a motion for an award of attorney fees and costs, alleging frivolous conduct under R.C. 2323.51. Su also sought an award of attorney fees and costs pursuant to the parties' addendum agreement, which provided:

> The prevailing party to any action or proceeding brought to enforce
> any term of this Agreement shall be entitled to recover all reasonable
> costs and attorneys fees arising out [of] or related to the enforcement
> action or proceeding.

{¶10} The trial court awarded Su and Klingler approximately $96,000 in fees and costs, which encompassed the total amount of fees and costs incurred in defending all claims raised in Forrest's complaint. The court found that Forrest and his counsel's conduct in filing the underlying action was frivolous pursuant to R.C. 2323.51, and it awarded fees and costs on that basis. But it found that it did not have jurisdiction to enforce the addendum agreement because "this case was disposed as a matter of law under the jurisdictional priority rule."

{¶11} Forrest and Su and Klingler appealed the trial court's ruling, and in *Gauthier II*, this court reversed the trial court's judgment. *See Gauthier v. Gauthier*, 1st Dist. Hamilton Nos. C-170387 and C-170398, 2018-Ohio-4970 ("*Gauthier II*"). We held that the trial court erred in determining that the conduct of Forrest and his counsel in filing the underlying action was frivolous under R.C. 2323.51. We also held that the court erred in determining that it did not have jurisdiction to award fees under the addendum agreement. We remanded the case to the trial court to determine whether the addendum agreement entitled Su to attorney fees and costs

4

incurred defending the addendum-agreement claims, and if so, to determine the amount of fees and costs to which Su was entitled and to issue an award accordingly.

{¶12} Following our remand, the trial court determined that Su was the prevailing party on Forrest's addendum-agreement claims, and therefore, that she was entitled to attorney fees and costs incurred in defending those claims.

{¶13} The trial court then conducted a hearing to determine the amount of fees and costs to which Su was entitled. Su presented Klingler's affidavits attesting to his firm's billing rates and hours expended in representing Su in the action. She also presented affidavits by two expert witnesses, Lawrence A. Glassmann and Lynn D. Pundzak, attesting that Klingler's time entries were consistent with the work in the case and that the billing rates were reasonable and consistent with the rates charged by similarly experienced and skilled attorneys for themselves and their law clerks in the Cincinnati legal community.

{¶14} Forrest presented an affidavit attesting that he, not Su, was the prevailing party in his action to enforce the addendum agreement. Forrest's counsel called Su's expert, Lynn D. Pundzak, as a witness and cross-examined her as to the reasonableness of Klingler's fees and costs. Forrest attempted to call Su as a witness pursuant to a previously issued subpoena duces tecum by which he sought Su's testimony and documents. The trial court granted defense counsel's oral motion to quash Forrest's subpoena of Su. The trial court did not allow Forrest to call Klingler as a witness so as to cross-examine him. The court also disallowed testimony by Forrest's counsel. After the hearing, Forrest proffered exhibits and testimony in support of his allegations that he was the prevailing party in his action to enforce the addendum agreement, that Su was not entitled to fees under the addendum agreement because she engaged in misconduct that resulted in this protracted litigation, and that, therefore, Klingler's fees and costs incurred in defending the enforcement action were unreasonable.

**{¶15}** The trial court awarded Su $93,583.34 in attorney fees and costs. Forrest now appeals, asserting six assignments of error which we address out of order.

*Attorney Fees and Costs were Recoverable*

**{¶16}** In his first assignment of error, Forrest argues that the trial court erred in holding that Su was entitled to recover her attorney fees and costs under the addendum agreement. When an award of attorney fees is authorized by contract, the award is subject to de novo review. *Al-Zubi v. Cosmetic & Implant Dental Ctr. of Cincinnati, Inc.*, 1st Dist. Hamilton No. C-190406, 2020-Ohio-3272, ¶ 14, citing *Keal v. Day*, 164 Ohio App.3d 21, 2005-Ohio-5551, 840 N.E.2d 1139, ¶ 7 (1st Dist.). Absent ambiguity in the language of the parties' contract, the parties' intent to award fees to prevailing parties must be determined from the plain language of the contract. *United States Fire Ins. v. Am. Bonding Co.*, 1st Dist. Hamilton Nos. C-160307 and C-160317, 2016-Ohio-7968, ¶ 48. Here, Paragraph 8 of the parties' addendum agreement provided:

> The prevailing party to any action or proceeding brought to enforce any term of this Agreement shall be entitled to recover all reasonable costs and attorneys fees arising out [of] or related to the enforcement action or proceeding.

**{¶17}** Forrest argues that the word "recover" set a condition to any fee award under Paragraph 8, such that the fees must have been paid, incurred, or obligated to be paid. He contends that Klingler's fee agreement with Su did not require Su to pay fees at all because it was contingent upon a judgment in her favor.

**{¶18}** Contrary to Forrest's assertions, a judgment was awarded in Su's favor on the addendum-agreement claims, which we address below in our analysis of Forrest's second assignment of error. The unambiguous language of the agreement allows recovery to a prevailing party of all reasonable fees arising out of or related to

a proceeding to enforce the agreement. And the fees sought by Su arose out of Forrest's lawsuit to enforce the agreement. The trial court did not err by holding that Su's attorney fees and costs were recoverable under the addendum. We overrule the first assignment of error.

*Su was the Prevailing Party*

**{¶19}** In his second assignment of error, Forrest argues that the trial court erred by determining that Su was the prevailing party in his action to enforce the addendum agreement. He asserts that Su was not and could not be the prevailing party as defined by Paragraph 8 of the addendum agreement because she breached the terms of the agreement. But Su prevailed on every claim Forrest brought under the agreement. Judgment on each claim was rendered for Su.

**{¶20}** A prevailing party is one in whose favor the decision or verdict is rendered and judgment entered. *United States Fire Ins.*, 1st Dist. Hamilton Nos. C-160307 and C-160317, 2016-Ohio-7968, at ¶ 49; *Keal*, 164 Ohio App.3d 21, 2005-Ohio-5551, 840 N.E.2d 1139, at ¶ 9 (1st Dist.) (party was a prevailing party in the action where he successfully defended against a claim for forcible entry and detainer, even though he had not been awarded any amount by judgment or arbitration). Forrest's tax-refund and IRS-audit claims were brought to enforce specific terms of the addendum agreement. Given our previous judgment upholding the grant of summary judgment in favor of Su on the merits of each of Forrest's addendum-agreement claims, the trial court correctly found Su to be the prevailing party in Forrest's action to enforce the addendum agreement. We overrule the second assignment of error.

*Klingler was not a Prevailing Party*

**{¶21}** In his third assignment of error, Forrest argues that the trial court erred in holding that Klingler was a prevailing party. In the trial court's entry, it stated that it found "that the defendants were the prevailing parties on the

7

addendum agreement claims and that the addendum agreement entitles Su to recover attorney fees and costs incurred defending the addendum agreement claims." Klingler was not a party to Su and Forrest's addendum agreement, so Klingler could not be a prevailing party in Forrest's action to enforce the addendum agreement. Although the court referred to both defendants as prevailing parties, it is clear from its judgment that only Su was entitled to attorney fees and costs as the prevailing party in the action. We overrule the third assignment of error.

*Presentation of Evidence*

{¶22} We address Forrest's fifth assignment of error next. He argues that the trial court abused its discretion by prohibiting him from presenting relevant evidence.

{¶23} First, Forrest argues that the trial court should not have quashed the subpoena served on Su requiring her to attend the hearing to testify and to produce documents related to the award of fees. The trial court's entry granting the motion indicated that Forrest's subpoena failed to allow reasonable time for Su to comply, subjecting Su to undue burden, and that Su's testimony was not relevant to the issue of the reasonableness and amount of attorney fees.

{¶24} A trial court has broad discretion over the admission or exclusion of evidence, including testimony, and we will not reverse a trial court's ruling on an evidentiary issue absent an abuse of discretion and proof of material prejudice. *Hayes v. Durrani*, 1st Dist. Hamilton No. C-190617, 2021-Ohio-725, ¶ 13. In this case, the question of Su's entitlement to fees had already been determined and there was no testimony that Su had to offer that would go to the reasonableness of the fees incurred in defending Forrest's addendum-agreement claims. The trial court did not abuse its discretion in disallowing Su's testimony and in quashing the subpoena.

{¶25} Second, Forrest argues that the trial court should not have prohibited him from examining Klingler on the reasonableness of his fees and costs. By not

allowing Forrest to cross-examine Klingler, the trial court effectively denied Forrest the opportunity to challenge Su's evidence as to the reasonableness of Klingler's fees and to test his veracity. *See Rummelhoff v. Rummelhoff*, 1st Dist. Hamilton Nos. C-210012 and C-210176, 2021-Ohio-4579, ¶ 46 (domestic relations court abused its discretion in awarding attorney fees under R.C. 3105.73(B) where itemized bills were submitted without an opportunity for appropriate cross-examination); *Lykins v. Lykins*, 12th Dist. Clermont No. CA2020-03-009, 2021-Ohio-274, ¶ 28 (vacating an award of attorney fees to ex-wife where insufficient evidence was presented to establish the reasonableness of the fees and ex-husband was not permitted to cross-examine his ex-wife's attorney concerning the attorney's fees). We hold that the court erred by failing to allow Forrest to examine Klingler as to the reasonableness of his fees and costs. The cross-examination of Su's expert is not a substitute for cross-examination of counsel whose fees are in dispute.

{¶26} Finally, Forrest argues that the trial court should not have prohibited him and his counsel, Thomas Grossmann, from testifying as to Su's entitlement to fees under the addendum agreement and the reasonableness of the fees and costs incurred. However, the trial court properly disallowed the testimony as to Su's entitlement to fees because that issue had already been determined. Forrest could offer no testimony that was relevant to the reasonableness of the fees, and any testimony from counsel would be legal conclusions that could be made during argument. The issue was the reasonableness of Su's counsel's fees, not Forrest's.

{¶27} Therefore, we sustain the fifth assignment of error in part and overrule it in part, and we remand this matter to the trial court to allow Forrest to examine Klingler on the reasonableness of his fees and costs.

*Reasonableness of Attorney Fees and Costs*

{¶28} In his fourth assignment of error, Forrest argues that the trial court erred by awarding fees and costs caused by Su's breaches and misconduct and not

9

attributable to her defense of the addendum-agreement claims. We overrule the assignment of error to the extent that it alleges that the trial court's award of attorney fees and costs was attributable to any alleged breach or misconduct by Su. To the extent that the assignment of error alleges that the trial court's award was not attributable to Su's defense of the addendum-agreement claims, it is moot because of our remand allowing Forrest to examine Klingler.

### *Allegations regarding Su's Conduct*

{¶29} In his sixth assignment of error, Forrest argues that the trial court erred when it awarded Su attorney fees and costs when she has unclean hands and was guilty of extensive frivolous conduct and fraudulent conduct. However, as stated in our discussion of the first and second assignments of error, Su was the prevailing party in Forrest's action to enforce the addendum agreement, and, under the language of the agreement, is entitled to recover reasonable costs and attorney fees related to the enforcement action. We overrule the sixth assignment of error.

### *Conclusion*

{¶30} We reverse the judgment of the trial court to the extent that it awarded attorney fees and costs without allowing Forrest to examine Klingler on the reasonableness of his fees and costs. In all other respects, the judgment of the trial court is affirmed. We remand this matter to the trial court to determine the amount of fees and costs to which Su is entitled and to issue an award accordingly, after allowing Forrest to examine Klingler as to the reasonableness of his fees and costs, should Forrest choose to do so.

Judgment accordingly.

**ZAYAS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

10